## MATTER OF BALDERAS

In Deportation Proceedings

A-14263280

*Decided by Board August 20, 1991*

(1) A conviction which has previously been relied upon in a charge of deportability may be alleged as one of the "two crimes involving moral turpitude" in a second proceeding, even though the first proceeding was terminated by a grant of relief under section 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c) (1988), where the second crime alleged is a subsequent conviction or a conviction that was not disclosed in the prior proceeding.

(2) A grant of relief under section 212(c) of the Act is not akin to a pardon or expungement of the conviction underlying the ground of excludability or charge of deportability.

(3) The convictions alleged to be grounds for excludability or deportability do not disappear from an alien's record for immigration purposes upon a grant of relief under section 212(c) of the Act.

CHARGE:

Order: Act of 1952—Sec. 241(a)(4)[(A)] [8 U.S.C. § 1251(a)(4)[(A)]]—Crimes involving moral turpitude

ON BEHALF OF RESPONDENT:                    ON BEHALF OF SERVICE:
  Pro se                                      Wayne P. Cantero
                                                    General Attorney

BY: Milhollan, Chairman; Dunne, Morris, Vacca, and Heilman, Board Members

The Immigration and Naturalization Service has appealed from the decision of an immigration judge dated August 3, 1990, terminating these deportation proceedings. The appeal will be sustained and the record will be remanded to the immigration judge for further proceedings.

This is the second deportation proceeding instituted against the respondent. The first proceeding was concluded on April 28, 1989, when the respondent was granted a waiver under section 212(c) of the

Immigration and Nationality Act, 8 U.S.C. § 1182(c) (1988).[1] The Service did not appeal that decision and it accordingly became final upon the expiration of the time to appeal. 8 C.F.R. §§ 3.37, 242.21(a) (1989). The record reveals that the first deportation proceeding was initiated by an Order to Show Cause, Notice of Hearing, and Warrant for Arrest of Alien (Form I-221S) dated February 13, 1989. That Order to Show Cause charged the respondent with deportability under section 241(a)(4)[(A)] of the Act, 8 U.S.C. § 1251(a)(4)[(A)] (1988), as an alien convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct. Those two convictions were on December 12, 1983, for the offense of petty theft, and on October 21, 1988, for the offense of accessory to a felony (burglary). The present proceedings were commenced by the issuance of a second Order to Show Cause on May 30, 1990. That Order to Show Cause also charges the respondent with deportability under section 241(a)(4)[(A)] of the Act as an alien convicted of two crimes of moral turpitude not arising out of a single scheme of criminal misconduct. In this instance, the Order to Show Cause is based on a conviction which arose after the respondent was granted section 212(c) relief in the first proceedings, namely a conviction on May 26, 1989, for petty theft, in conjunction with one of the same crimes which formed the basis of the first deportation proceedings, namely the conviction on October 21, 1988, for accessory to burglary.

On August 3, 1990, after the respondent appeared at his deportation hearing, waived counsel, and admitted the truth of the allegations contained in the Order to Show Cause, the immigration judge terminated the proceedings. The immigration judge based his order on a reading of this Board's decision in *Matter of Gordon*, 20 I&N Dec. 52 (BIA 1989). Specifically, the immigration judge read that decision to stand for the proposition that any particular conviction cannot be used against a respondent as the basis for more than one Order to Show Cause. On appeal, the Service argues the opposite, namely that our

---

[1] Section 212(c) of the Act provides that "[a]liens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General without regard to [certain specified grounds for exclusion enumerated in section 212(a) of the Act]." Moreover, an alien lawfully admitted for permanent residence may apply for section 212(c) relief even though he is in deportation rather than exclusion proceedings, as long as the ground of deportability with which he is charged is also a ground of excludability under section 212(a) of the Act. *Matter of Hernandez-Casillas*, 20 I&N Dec. 262 (BIA 1990; A.G. 1991), aff'd, 983 F.2d 231 (5th Cir. 1993); *Matter of Wadud*, 19 I&N Dec. 182 (BIA 1984); *Matter of Granados*, 16 I&N Dec. 726 (BIA 1979), aff'd, 624 F.2d 191 (9th Cir. 1980); *Matter of Silva*, 16 I&N Dec. 26 (BIA 1976).

precedent decisions do not prohibit the use of the same conviction as the basis for more than one Order to Show Cause.

We are therefore presented with the following question: May a conviction which has once been relied upon as one of the "two crimes involving moral turpitude" in a charge of deportability under section 241(a)(4)[(A)] be alleged again as one of the "two crimes involving moral turpitude" in a second proceeding where the first proceeding was terminated by a grant of relief under section 212(c) of the Act?

Initially, we note that section 212(c) merely provides that an alien may be admitted to or, in the case of deportation proceedings, allowed to remain in the United States despite a finding of excludability or deportability. Thus, when section 212(c) relief is granted, the Attorney General does not issue a pardon or expungement of the conviction itself.[2] Instead, the Attorney General grants the alien relief upon a determination that a favorable exercise of discretion is warranted on the particular facts presented, notwithstanding the alien's excludability or deportability.[3] Therefore, since a grant of section 212(c) relief "waives" the finding of excludability or deportability rather than the basis of the excludability itself, the crimes alleged to be grounds for excludability or deportability do not disappear from the alien's record for immigration purposes.

In dictum in *Matter of Gordon, supra,* we addressed this question of whether the crimes underlying a waived ground of excludability are eliminated for all immigration purposes:

> We note that although the respondent cannot again be charged with deportability based on the same criminal convictions already waived, his prior crimes do not completely disappear from the record for immigration purposes. The respondent, for example, has now become deportable because of an additional crime involving moral turpitude, which can serve as the basis for a new Order to Show Cause in conjunction with a prior crime involving moral turpitude. *See Matter of Mascorrio-Perales* [sic], [12 I&N Dec. 228 (BIA 1967)]. The prior convictions may also be considered by the immigration judge in a new deportation hearing with respect to issues of rehabilitation and discretion.

*Id.* at 7. It is with regard to this paragraph that the Service disagrees with the decision of the immigration judge. Our purpose in that paragraph was to point out that a criminal conviction could indeed be

---

[2] Accordingly, we note that the use of phrases such as, "the conviction was waived under section 212(c)," is misleading. Instead, the appropriate reference should be to a waiver of excludability or deportability or, more precisely, to a grant of relief under section 212(c) of the Act.

[3] In contrast, we note that in the past Congress provided a perpetual bar against the use of a conviction as a basis for deportation by giving effect in immigration proceedings to a pardon or a judicial recommendation against deportation. *See* section 241(b) of the Act, 8 U.S.C. § 1251(b) (1988), *amended or repealed by* sections 505 and 602(b)(1) of the Immigration Act of 1990, Pub. L. No. 101-649, 104 Stat. 4947, 5050, 5081.

the basis for a deportation charge in two separate Orders to Show Cause. It is for that proposition that we cited *Matter of Mascorro-Perales, supra.* In that case, an alien had been found to be deportable under section 241(a)(4)[(A)] of the Act on account of his conviction for a crime involving moral turpitude prior to his entry but had been granted a waiver of that deportability.[4] He was subsequently convicted of another crime involving moral turpitude and was charged with deportability under section 241(a)(4) of the Act as an alien convicted of two crimes involving moral turpitude on the basis of the new conviction, in conjunction with the original conviction for which he had already obtained a waiver of deportability. We held that he could be so charged, stating, "He is not deportable for having committed the original crime, but for having been convicted of two crimes, both involving moral turpitude." *Id.* at 231. In doing so, however, we took care to recognize that once a waiver was granted as to excludability, it was granted as to deportability (and vice versa). We also recognized that once a waiver of excludability or deportability for a certain act was granted, that waiver would remain effective for all subsequent entries. Thus we stated that "if a single act can be the basis of both excludability and deportability, and excludability is waived by the Attorney General, then that act, *without more,* cannot be the basis of a deportation charge." *Id.* at 230 (emphasis added). We further noted that "'when relief has been granted in accordance with the authorization of Congress, it would be clearly repugnant to say that the respondent remains deportable because of the same conviction.'" *Id.* (quoting *Matter of G-A-,* 7 I&N Dec. 274 (BIA 1956)).

Thus, in *Matter of Gordon,* we cited *Matter of Mascorro-Perales* as an example of a conviction being charged as one of the factual bases of a new Order to Show Cause despite the alien's having previously been granted a waiver of deportability arising from that same conviction. Moreover, we note that the factual basis of our holding in *Mascorro-Perales* is identical in all substantive respects to the question presented to us here, since both involve a conviction once "waived" and then charged again as a ground of deportability in a second proceeding involving new facts. The only difference was that in *Mascorro-Perales* the first Order to Show Cause relied entirely on the conviction in question, whereas here the first Order to Show Cause relied on the conviction as only one of the two crimes involving moral turpitude.

The holding in *Mascorro-Perales* is also consistent with the current regulations governing applications under section 212(c) of the Act. A section of those regulations entitled "Validity" states that "[o]nce

---

[4]Although *Mascorro-Perales* involved a waiver other than section 212(c), the reasoning of that case is equally applicable here.

granted, the approval is valid indefinitely; however, the approval covers only the specific grounds of excludability or deportability described in the application; an applicant who failed to describe any such ground(s) or material facts existing at the time of approval remains excludable or deportable therefor. If the applicant subsequently becomes excludable or deportable on other grounds, a new application must be filed ...." 8 C.F.R. § 212.3(b) (1991). The regulations reflect our concern that a waiver, once granted, should remain valid indefinitely for all proceedings, including both deportation and exclusion proceedings. On the other hand, the regulations make it clear that the grant of relief is specific to the grounds stated at the time of the grant of relief. Thus, section 212(c) relief remains valid indefinitely, unless new circumstances or previously undisclosed facts come to light which give rise to a new basis of excludability or deportability.

Accordingly, we find our precedent in *Matter of Mascorro-Perales, supra*, to be sound, and we adhere to it here. Therefore, we hold that a conviction which has once been relied upon in a charge of deportability may be alleged as one of the "two crimes involving moral turpitude" in a second proceeding, even though the first proceeding was terminated by a grant of relief under section 212(c) of the Act, where the second crime alleged is a subsequent conviction or a conviction that was not disclosed in the prior proceeding.

On appeal, the Service has raised various issues regarding the redetermination of the respondent's bond conditions. Bond proceedings are required by regulation to be separate and apart from deportation proceedings. *See* 8 C.F.R. § 242.2(d) (1991). Accordingly, we will not consider those issues in this appeal from the deportation order.

Accordingly, the following order will be entered.

**ORDER:** The appeal of the Immigration and Naturalization Service is sustained and the record will be remanded to the immigration judge for further proceedings consistent with the foregoing opinion.