Federico **MOLINA–AMEZCUA,**
Petitioner,

v.

**IMMIGRATION AND
NATURALIZATION SERVICE,**
Respondent.

No. 92–70143.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 3, 1993.*

Decided Sept. 30, 1993.

---

\* The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34–4.

Eric Beaudikofer, El Centro, CA, for petitioner.

Stuart M. Gerson, Asst. Atty. Gen., and Robert Kendall, Jr., Asst. Director, Office of Immigration Litigation, U.S. Dept. of Justice, Washington, DC, for respondent.

Before: BRUNETTI, KOZINSKI and BOGGS,** Circuit Judges.

PER CURIAM:

Under section 241(a)(4)[1] of the Immigration and Nationality Act, an alien becomes deportable if convicted of "two crimes involving moral turpitude." 8 U.S.C. § 1251(a)(4). Yet deportation is not automatic. An alien may get a waiver under section 212(c), 8 U.S.C. § 1182(c). We consider whether the INS may base a deportability determination in part on a crime it has used to support a previous deportability finding but as to which deportability was waived under section 212(c).

Prior to the Board of Immigration Appeals proceeding we review here, immigration judges had twice found petitioner, a citizen of Mexico, deportable under section 241(a)(4). Both times he was given a section 212(c) waiver. AR at 9, 21. Not satisfied with his good fortune, he got into trouble again and was convicted of petty theft. AR at 123.

An IJ found Petitioner deportable for a third time, basing this finding on the new conviction and on a previous one. AR at 21, 25–26. Petitioner argues that the INS is foreclosed from relying on this prior conviction because it waived deportation at the time. The BIA rejected this view and affirmed the IJ's determinations, relying on *Matter of Balderas,* Interim Decision # 3159 (BIA 1991), which held that

> a conviction which has once been relied upon in a charge of deportability may be alleged as one of the "two crimes involving moral turpitude" in a second proceeding even though the first proceeding was terminated by a grant of relief under section 212(c) of the Act, where the second crime alleged is a subsequent conviction or a conviction that was not disclosed in the prior proceeding.

*Id.* at 6–7.

"We show considerable deference to the BIA's interpretation of the statutes it administers," *Ayala–Chavez v. U.S. Immigration and Naturalization Serv.,* 944 F.2d 638, 641 (9th Cir.1991), and see no reason to depart from the BIA's rule here. A waiver of deportation gives the alien a chance to stay in the United States despite his misdeed, but it does not expunge the conviction. The blemish remains on his record, to be considered if and when the alien again gives the Attorney General cause to examine his deportability.

Our holding is not inconsistent with 8 CFR § 212.3(b), which says that a waiver of

** The Honorable Danny J. Boggs, United States Circuit Judge, United States Court of Appeals for the Sixth Circuit, sitting by designation.

1. Consistent with the opinions below and the briefs of the parties, we refer to the 1988 version of the U.S.Code and the 1991 edition of the Code of Federal Regulations when citing 8 U.S.C. § 1251(a)(4) and 8 CFR § 212.3(b). These provisions have since been amended and renumbered.

deportation is "valid indefinitely." This regulation provides only that once a waiver is given, it cannot be taken back. This lets the alien live his life without fear of deportation, so long as he behaves. When the alien suffers another conviction—or engages in further misconduct cognizable under the immigration laws—the Attorney General must make a new decision whether to deport in light of the new information. In doing so, she must consider the totality of the alien's conduct and reweigh the equities. This is not a withdrawal of the earlier waiver; it is, rather, a recognition that waiver of deportation is a matter of discretion which may be exercised differently once there is a new triggering event, such as conviction of a new crime of moral turpitude. The earlier convictions, which may have warranted lenience standing by themselves, could require a harsher judgment once the alien has shown a pattern of misbehavior.

The BIA did not err in considering Petitioner's earlier conviction in its determination pursuant to section 241(a)(4). Because the BIA also refused to issue a third waiver, Petitioner is subject to deportation.

**AFFIRMED.**