Francisco **TAPIA–PANIAGUA,**
Petitioner—Appellant,

v.

John **ASHCROFT, Attorney General;** et al., **Respondents—Appellees.**

No. 03–57072.

D.C. No. CV–03–01344–BTM.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 5, 2004.*

Decided Nov. 8, 2004.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Samuel W. Bettwy, Office of the U.S. Attorney, San Diego, CA, for Respondents–Appellees.

Before FERNANDEZ, SILVERMAN, and CALLAHAN, Circuit Judges.

## MEMORANDUM**

Petitioner Francisco Tapia–Panigua, a native and citizen of Mexico, has been a lawful permanent resident of the United States since 1984. In August 1994, petitioner pled guilty to, and was convicted of, possession of a controlled substance for sale under California Health and Safety Code § 11351. In January 2001, while seeking re-entry into the United States from Mexico, petitioner falsely claimed he was a United States citizen. Petitioner was placed in removal proceedings and charged with being removable based on his 1994 conviction and his false claim of being a United States citizen.

Petitioner sought the simultaneous waiver of inadmissibility based on his 1994 conviction pursuant to former § 212(c) of the Immigration and Naturalization Act ("INA"), former 8 U.S.C. § 1182(c),[1] and pardon for his false claim to citizenship pursuant to § 240A(a) of the INA, 8 U.S.C. § 1229b(a). The Immigration Judge and the Board of Immigration Appeals denied petitioner relief.

Petitioner filed a habeas petition in the District Court for the Southern District of California. The district court denied the petition finding that petitioner was not eli-

Ali Golchin, Law Offices of Ali Golchin, San Diego, CA, for Petitioner–Appellant.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The passage of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Publ. Law No. 104–208, 110 Stat. 3009, repealed 8 U.S.C. § 1182(c).

gible for relief under § 1229b(a) because his prior conviction would remain a blemish on his record, even if he were granted relief under former § 1182(c).

Petitioner appeals from this decision. The district court's denial of the habeas petition is reviewed de novo. *Wade v. Terhune*, 202 F.3d 1190, 1194 (9th Cir. 2000); *Desir v. Ilchert*, 840 F.2d 723, 726 (9th Cir.1988).

The district court's denial is affirmed. A waiver of deportation under former § 1182(c) gives an alien a chance to stay in the United States despite his or her misdeed, but it does not expunge the underlying conviction. *Molina–Amezcua v. INS*, 6 F.3d 646, 647 (9th Cir.1993). Section 1229b(a) allows the Attorney General to cancel removal for an alien if he or she "has not been convicted of any aggravated felony." Accordingly, even if granted a waiver of inadmissibility under former § 1182(c), petitioner would remain ineligible for relief under § 1229b(a).

Petitioner's arguments that the government's refusal to allow him to seek simultaneous relief under former § 1182(c) and § 1229b(a) are contrary to the intent of Congress and the Supreme Court's opinion in *INS v. St. Cyr*, 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001), are not well taken. Whatever congressional intent may be gleaned from parsing the relevant statutes is trumped by Congress's enactment of a specific statutory prohibition against granting relief to an alien convicted of "any aggravated felony." 8 U.S.C. § 1229b(a). Moreover, the Supreme Court's opinion in *St. Cyr*, upholding the continued availability of § 212(c) relief after IIRIRA, was premised on its determination that there was no clearly expressed statement of congressional intent. Section

1229b(a), however, is a clear expression of congressional intent.

Finally, petitioner's situation does not raise any issue of retroactivity. IIRIRA was enacted in 1996. Its provision, § 1229b(a), is being applied to petitioner's 2001 false declaration of citizenship, not to his 1994 state conviction. The passage of IIRIRA did not change the treatment of the 1994 conviction. In *Molina–Amezcua*, this court held, prior to the enactment of IIRIRA, that a grant of waiver of deportation under former § 1182(c) did not remove the conviction from the alien's record and that it could be considered "if and when the alien again gives the Attorney General cause to examine his deportability." 6 F.3d at 647.

The district court's denial of the petition for a writ of habeas corpus is **AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.