Jose Cruz ZAVALA–ALVAREZ, Petitioner–Appellant,

v.

Michael CHERTOFF,* Secretary for the Department of Homeland Security; Alberto Gonzales,** Attorney General, Respondents–Appellees.

No. 04–15245.

United States Court of Appeals, Ninth Circuit.

Submitted May 10, 2005.***

Decided June 2, 2005.

---

* Michael Chertoff is substituted for his predecessor, Tom Ridge, as Secretary of the Department of Homeland Security for United States. Fed. R.App. P. 43(c)(2).

** Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States. Fed. R.App. P. 43(c)(2).

*** The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

425

Martin Resendez Guajardo, Esq., Law Office of Martin Resendez Guajardo a Professional Corporation, San Francisco, CA, for Petitioner–Appellant.

Alison E. Daw, Esq., Office of the U.S. Attorney, San Jose, CA, for Respondents–Appellees.

Before: REINHARDT, NOONAN, and FERNANDEZ, Circuit Judges.

**** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

MEMORANDUM****

Jose Cruz Zavala–Alvarez, a native and citizen of Mexico, appeals the district court's denial of his 28 U.S.C. § 2241 habeas corpus petition which challenged the order of removal entered by an immigration judge and affirmed by the Board of Immigration Appeals. We affirm.

(1) We note that following briefing and submission, the REAL ID Act of 2005, Pub.L. No. 109–13, 119 Stat. 231 (2005) was enacted. It appears to have eliminated habeas jurisdiction in cases such as the one before us. *See id.* § 106(a)(1)(A). We need not consider the effect of the Act on this case. Whether we review the appeal as one from the denial of a petition for habeas or treat it as a petition for review of the BIA's decision,[1] we reach the same conclusion: The petition has no merit.

(2) Zavala primarily argues that he should have the benefit of the so-called petty offense exception. *See* 8 U.S.C. § 1182(a)(2)(A)(ii)(II) (exception for alien who has committed only one crime). He asserts that if the provision does not apply to lawful permanent residents, his equal protection rights are violated. However, he failed to raise that claim at the district court, and spells out no exceptional circumstances that would permit him to raise it here despite that failure. Thus, he has waived the claim. *See Crawford v. Lungren,* 96 F.3d 380, 389 n. 6 (9th Cir.1996); *Int'l Union of Bricklayers Local 20 v. Martin Jaska, Inc.,* 752 F.2d 1401, 1404 (9th Cir.1985). In any event, because Zavala had committed more than one crime, the claim is without merit.

(3) Zavala also asserts that his sale of cocaine offense should not preclude his

1. *See id.* § 106(c).

obtaining cancellation of removal, even though that relief is not available to a person who has an aggravated felony on his record. *See* 8 U.S.C. § 1229b(a)(3). His drug offense was an aggravated felony. *See Noriega–Lopez v. Ashcroft,* 335 F.3d 874, 876–77 (9th Cir.2003). But, says he, under former 8 U.S.C. § 1182(c) (1991), he could have obtained relief from deportation for that particular felony. Perhaps so. *See INS v. St. Cyr,* 533 U.S. 289, 326, 121 S.Ct. 2271, 2293, 150 L.Ed.2d 347 (2001). Nonetheless, the felony would not have been wiped from his record, and would still preclude cancellation of removal once he committed the new domestic violence offense for which he is being removed. *See Molina–Amezcua v. INS,* 6 F.3d 646, 647 (9th Cir.1993) (per curiam); *In re Balderas,* 20 I. & N. Dec. 389, 393 (B.I.A.1991).

AFFIRMED.