**Dany Alberto ROJAS–VEGA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–73878.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 8, 2005.*

Decided Nov. 14, 2005.

Dany Alberto Rojas–Vega, San Diego, CA, pro se.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

CAS–District Counsel, Office of the District Counsel Department of Homeland Security, San Diego, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department Of Homeland Security, San Francisco, CA, OIL, James E. Grimes, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondents.

Before: WALLACE, LEAVY, and BERZON, Circuit Judges.

## MEMORANDUM **

Dany Alberto Rojas–Vega, a native and citizen of Costa Rica, petitions pro se for review of a Board of Immigration Appeals ("BIA") order dismissing his appeal from an Immigration Judge's removal order. We have jurisdiction pursuant to 8 U.S.C. § 1252, and deny the petition for review.

Rojas–Vega contends that the BIA's reliance on his October 1995 conviction for violating California Health and Safety Code § 11364 was improper, on account of "substantive and procedural defects" regarding that conviction. We reject this contention, as we cannot collaterally revisit the circumstances of a conviction. *See Ortega de Robles v. INS*, 58 F.3d 1355, 1358 (9th Cir.1995) ("Criminal convictions cannot be collaterally attacked in deportation proceedings.").

Rojas–Vega also contends that the agency should have given effect to his August 1995 § 212(c) waiver, invoking res judicata. As the waiver did not apply to Rojas–Vega's subsequent conviction in October 1995, we reject this contention. *See Molina–Amezcua v. INS*, 6 F.3d 646, 648 (9th

** This disposition is not appropriate for publication and may not be cited to or by the

Cir.1993) (per curiam) ("When the alien suffers another conviction ... the Attorney General must make a new decision whether to deport in light of the new information.").

In addition, Rojas–Vega relies on the expungement of his October 1995 conviction in 2002. We have held, however, that "[i]n view of the fact that California Penal Code section 1203.4(a) provides only a limited expungement even under state law, it is reasonable for the BIA to conclude that a conviction expunged under that provision remains a conviction for purposes of federal law." *Ramirez–Castro v. INS*, 287 F.3d 1172, 1175 (9th Cir.2002).

We have considered Rojas–Vega's remaining contentions and conclude that they are unpersuasive.

All pending motions are denied.

**PETITION FOR REVIEW DENIED.**