**Americo PASSANO, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–75283.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 5, 2006.

Filed Feb. 28, 2007.

John Stephen Glaser, Esq., Reyna M. Tanner, Esq., Manulkin Glaser & Bennett, Fountain Valley, CA, for Petitioner.

---

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Office of the District Chief Counsel, U.S. Department of Homeland Security, Phoenix, AZ, Norah Ascoli Schwarz, Esq., Gladys M. Steffens–Guzman, Esq., M. Jocelyn Wright, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: T.G. NELSON, GOULD, and CALLAHAN, Circuit Judges.

MEMORANDUM *

Americo Passano petitions for review of the Board of Immigration Appeals' affirmance of an order of deportation issued by an Immigration Judge. Because he raises a question of law, we have jurisdiction pursuant to 8 U.S.C. § 1252(a)(2)(D). We deny the petition.

Passano claims that the immigration judge ("IJ") violated his due process rights by not informing him of the possibility of pre-hearing voluntary departure. To succeed on this claim, Passano must show "that the outcome of the proceeding may have been affected by the alleged violation."[1] Because Passano was ineligible for pre-hearing voluntary departure, he cannot make such a showing.

Passano was convicted of two aggravated felonies in 1991. Although an IJ found that Passano was deportable in 1994 based on these convictions, the IJ granted Passano's application for a waiver of deportability under former INA § 212(c).[2] However, a section 212(c) waiver of deportability does not waive consideration of prior convictions for future deportation proceedings.[3]

Thus, Passano's 1991 convictions may be considered for purposes of determining whether he was eligible for pre-hearing voluntary departure. Because his 1991 convictions were for aggravated felonies, Passano was not eligible for pre-hearing voluntary departure.[4] As a result, the IJ's failure to inform Passano about the possibility of pre-hearing voluntary departure did not violate Passano's due process rights.

PETITION DENIED.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

1. *Ibarra–Flores v. Gonzales,* 439 F.3d 614, 620–21 (9th Cir.2006).

2. 8 U.S.C. § 1182(c) (repealed 1996).

3. *See Molina–Amezcua v. INS,* 6 F.3d 646, 647–48 (9th Cir.1993). *See also In re Balderas,* 20 I & N. Dec. 389, 391 (BIA 1991).

4. *See* 8 C.F.R. § 1240.26(b)(1)(i)(E) (providing that an alien does not qualify for pre-hearing voluntary departure if he has "been convicted of an aggravated felony").