

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-26-2008

# Hall v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3443

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Hall v. Atty Gen USA" (2008). *2008 Decisions*. Paper 972.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/972

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3443
_____

STEPHEN HALL,
                                    Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                    Respondent

_____

Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
(BIA No. A40-163-874)
Immigration Judge:  Honorable Walter A. Durling

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 25, 2008

Before: RENDELL, GREENBERG and VAN ANTWERPEN, <u>Circuit Judges</u>

(Filed: June 26, 2008)
_____

OPINION OF THE COURT
_____

PER CURIAM

    Stephen Hall, a native and citizen of Barbados, petitions for review of a final order

of removal.  We will deny the petition for review. Hall was granted legal permanent

resident ("LPR") status in 1987. In 1991 he was convicted of cocaine possession in New York, and in 1998 he was convicted of marijuana possession in Virginia. At some point after his second conviction, Hall left the United States. He attempted to re-enter in November 1999. The Immigration and Naturalization Service issued a notice to appear ("NTA") charging Hall as an inadmissible arriving alien. Hall appeared before an immigration judge ("IJ") and withdrew his application for admission. He was removed to Barbados on March 22, 2000.

In June 2000, Hall returned to the United States using a fraudulent British passport. In 2006, Hall again came to the attention of immigration authorities after he was arrested for possession of a controlled substance, possession with intent to deliver a controlled substance, criminal conspiracy, and criminal use of a communication facility.[1] On November 15, 2006, the Department of Homeland Security ("DHS") issued an NTA charging Hall as being present in the United States without admission or parole. The NTA also charged Hall as inadmissible due to his drug-related convictions. Hall moved to terminate the proceedings, arguing that he was an LPR and therefore should be charged as removable under 8 U.S.C. § 1227. Hall argued that if he were charged under § 1227 he would be eligible for waivers of removability pursuant to 8 U.S.C. § 1182(c). DHS opposed the motion, contending that Hall abandoned his LPR status and was inadmissible. The IJ determined that Hall, by entering the United States illegally,

---

[1] These charges were later dismissed.

2

terminated his LPR status and was not eligible for waivers because he was subject to the Visa Waiver Program. Hall appealed, and the Board of Immigration Appeals ("BIA") dismissed the appeal. The BIA, declining to address whether Hall abandoned his LPR status and also declining to review the IJ's decision regarding the Visa Waiver Program, found that the charges in the NTA were proper and that Hall was ineligible for waivers of removability under 8 U.S.C. §§ 1182(c), (h), or (i).

We review the BIA's decision and only review the IJ's decision to the extent that the BIA adopted the IJ's reasoning. See Zubeda v. Ashcroft, 333 F.3d 463, 475 (3d Cir. 2003). We review legal questions under the Immigration and Nationality Act ("INA") de novo. See Augustin v. Att'y Gen., 520 F.3d 264, 267 (3d Cir. 2008).

We note initially that, contrary to Hall's argument, the BIA did not err in allowing a single member to issue the order dismissing the appeal. See 8 C.F.R. § 1003.1(e)(5); Purveegiin v. Gonzales, 448 F.3d 684, 693 (3d Cir. 2006) (a single board member may issue an order affirming, modifying, or remanding a decision under review).

The BIA correctly determined that, illegal entry aside, Hall was properly charged as inadmissible due to his drug convictions. See 8 U.S.C. § 1101(a)(13)(C)(v)[2] (establishing that an individual lawfully admitted for permanent residence who has been convicted of a controlled substance violation is deemed to be a person seeking admission

_____

[2] Hall argues that this section does not apply to him, see Appellant's Brief 12, but the BIA correctly cited the subsection covering persons who have committed a controlled substance offense.

3

to the United States when reentering the country.); see also Cruz v. Att'y Gen., 452 F.3d 240, 245 (3d Cir. 2006). Hall does not contest that he was convicted of the crimes, but rather argues that he would be eligible for relevant waivers if he were charged as removable under 8 U.S.C. § 1227. Therefore, he did not meet his burden under § 1229a(c)(2)(B) of demonstrating that he had been lawfully admitted and was not inadmissible. See Altamirano v. Gonzales, 427 F.3d 586, 591 (9th Cir. 2005).[3]

In addition, Hall is not eligible for any waivers. Hall's 1998 conviction for cocaine possession is clearly past the April 1, 1997 deadline for a section 1182(c) waiver.[4] See 8 C.F.R. § 1212.3(h)(3). Further Hall is ineligible for a section 1182(h) waiver because he has two drug convictions whereas 1182(h) only permits waiver if an alien has a "single offense of simple possession of 30 grams or less of marijuana." 8 U.S.C. § 1182(h). Hall argues that if he were to receive a section 1182(c) waiver for the 1991 conviction he would only have a single offense and thus he could be eligible for a section 1182(h) waiver. Appellant's Brief, 14. As we have previously stated, the "grant of [section 1182(c)] relief merely waives the finding of deportability. [T]he crimes

---

[3] After an alien demonstrates lawful presence, the burden of proof shifts to the Government in the removal proceedings. See, e.g., Ibragimov v. Gonzales, 476 F.3d 125, 131 (2d Cir. 2007). Hall appears to argue that he met his burden because he entered on a false British passport. See Appellant's Brief, 10. As the BIA held, however, such an entry "would not be 'lawful.'" BIA Order, 2 n.1.

[4] The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 repealed section 1182(c). When it was in effect, however, it permitted a lawful permanent resident with seven years of consecutive residence in the United States to apply for a discretionary waiver of deportation. See INS v. St. Cyr, 533 U.S. 289, 295 (2001).

4

alleged to be grounds of deportability do not disappear from the alien's record for immigration purposes." Rodriguez-Munoz v. Gonzales, 419 F.3d 245, 248 (3d Cir. 2005) (quoting Matter of Balderas, 20 I. & N. Dec. 389, 391 (BIA 1991)).  Finally, Hall was charged as removable under sections 1182(a)(6)(A)(i) and 1182(a)(2)(A)(i)(II) and therefore he is ineligible for section 1182(i) relief.  See 8 U.S.C. § 1182(i)(1) (applying only to aliens charged under section 1182(a)(6)(C)).

For the above-stated reasons, we will deny the petition for review.