Ricardo Pedro CALDERON–
ESTRADA, Petitioner,

v.

Michael B. MUKASEY, Attorney
General, Respondent.

No. 06–74364.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 21, 2008.*

Filed Nov. 21, 2008.

Dan R. Larsson, Larsson Immigration Group, PC, Bend, OR, for Petitioner.

Mary Jane Candaux, Esquire, DOJ–U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of The District Counsel Department of Homeland Security, San Francisco, CA, ORP–District Di-

_____

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

rector, Office of The District Director Department of Homeland Security, Portland, OR, for Respondent.

Before THOMPSON, TASHIMA, and M. SMITH, Circuit Judges.

## MEMORANDUM **

Petitioner Calderon–Estrada (Calderon) appeals the Board of Immigration Appeals' (BIA) affirmation of the Immigration Judge's (IJ) order of removal. Because the parties are familiar with the facts, we do not recount them here except as necessary to explain our decision. We have jurisdiction to hear this appeal under Immigration and Nationality Act (INA) § 242(a)(2)(D), codified at 8 U.S.C. § 1252(a)(2)(D), and we review the questions of law raised in this petition de novo. *De Martinez v. Ashcroft,* 374 F.3d 759, 761 (9th Cir.2004).

### I. Removability on the Basis of Calderon's Conviction for Attempted Possession of Firearms

Under current law, any alien who is convicted of attempting to possess a firearm in violation of any law is removable. INA § 237(a)(2)(C). In 1994, the INA was amended to include attempted possession as a removable offense. Before the amendment, in 1991, Calderon was convicted for attempted possession of a short-barreled shotgun in violation of Or.Rev. Stat. §§ 161.405 and 166.272.

** This disposition is not appropriate for publication and is not precedent except as provid-

The language of the 1994 amendment clearly indicates that it is to be applied retroactively. Pub.L. No. 103–416, § 203(c), 108 Stat. 4305, 4311 (1994) ("The amendments made by this section shall apply to convictions occurring before, on, or after the date of the enactment of this Act."). The Constitution of the United States prohibits ex post facto laws. U.S. Const. art. 1 § 9. However, "[t]he *ex post facto* Clause . . . has no application to deportation." *Galvan v. Press,* 347 U.S. 522, 531, 74 S.Ct. 737, 98 L.Ed. 911 (1954).

██ The BIA did not err in upholding the IJ's determination that the 1994 amendment applies retroactively to Calderon, and that he is therefore removable for his 1991 conviction for attempted possession of a firearm in violation of Oregon law.

### II. Removability on the Basis of Calderon's Conviction for Failure to Appear

The INA defines an aggravated felony, a removable offense, as "an offense relating to a failure to appear before a court pursuant to a court order to answer to or dispose of a charge of a felony for which a sentence of 2[sic] years' imprisonment or more may be imposed." § 101(a)(43)(T). For a state conviction to fall under this generic definition, it must meet all the elements of the definition. *Navarro–Lopez v. Gonzales,* 503 F.3d 1063, 1067 (9th Cir.2007) (en banc). In addition, the conduct described in the conviction must be no broader than that described in the generic definition. *Id.* at 1067–68.

The Oregon statute under which Calderon was convicted read:

ed by 9th Cir. R. 36–3.

(1) A person commits the crime of failure to appear in the first degree if, having by court order been released from custody or a correctional facility upon a release agreement or security release upon the condition that the person will subsequently appear personally in connection with a charge against the person of having committed a felony, the person intentionally fails to appear as required.

(2) Failure to appear in the first degree is a Class C felony.

2001 Or. Laws 517, § 4. This statute fails under a categorical approach because it is broader than the generic definition found in the INA. Unlike the INA, which limits the underlying felony for which an individual fails to appear to "those for which a sentence of 2 [sic] years' imprisonment or more may be imposed," the Oregon statute includes all felonies without qualification. § 101(a)(43)(T).

■ However, the judicially noticeable documents available in this case, including the indictment, the written plea agreement, and the conviction, establish the necessary facts to constitute an aggravated felony under the modified categorical approach. The indictment states that Calderon unlawfully failed to appear to answer for his felony charge after "having been released from custody ... by an order of the Circuit Court for Deschutes County, Oregon ... upon a release agreement upon the condition that [he] would subsequently appear personally in connection with said charge." The charge for which Calderon failed to appear, Felony Driving While Suspended, is also listed in the indictment. Calderon's plea agreement references the "accusatory instrument" and acknowledges that his plea of guilty absolves the government from prov-

ing the facts alleged. He recites the factual basis for his plea including the date of his failure to appear, which was the date of his hearing for the felony charge. Calderon also references the underlying felony in his plea agreement, indicating that in return for his plea the State agreed to dismiss that charge.

The underlying felony for which Calderon failed to appear is a Class C felony, punishable by a maximum term of five years' imprisonment. Or.Rev.Stat. §§ 811.182, 161.605(3). In determining whether a state conviction is punishable for the mandatory time, "we look to the maximum penalty by statute," not the sentence actually given. *United States v. Murillo*, 422 F.3d 1152, 1153–54 (9th Cir. 2004). Therefore, even though Calderon's maximum imprisonment under the Oregon Sentencing Guideline was sixty days imprisonment, his conviction satisfies all elements of the generic definition. The BIA did not err in finding Calderon removable on the basis of his conviction under INA § 101(a)(43)(T).

### III. Calderon's Ability to Apply Simultaneously for Cancellation of Removal and an INA § 212(c) Waiver

■ Cancellation of Removal is not available to individuals who have been convicted of an aggravated felony. INA § 240A(a)(3). A waiver under § 212(c) "does not expunge the conviction." *Molina–Amezcua v. INS*, 6 F.3d 646, 647 (9th Cir.1993). "An alien 'who has been granted relief under section 212(c)' is ineligible for cancellation of removal" under this court's case law. *Becker v. Gonzales*, 473 F.3d 1000, 1003 (9th Cir.2007) (quoting INA § 240A(c)(6)). The BIA did not err in ruling that Calderon was unable to ap-

ply simultaneously for relief under § 212(c) and § 240A(a).

PETITION DENIED.