NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

Nos. 17-2524 & 17-3420

———————

GEORGE MARTIN,
                                    Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

———————

On Petition for Review of a
Decision of the Board of Immigration Appeals
(Agency No. A094-644-596)
Immigration Judge: Honorable Walter A. Durling

———————

Submitted Under Third Circuit L.A.R. 34.1(a)
September 13, 2019

———————

(Opinion Filed:  September 16, 2019)

Before:  CHAGARES, JORDAN, and BIBAS, Circuit Judges

———————

OPINION[*]

———————

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

CHAGARES, Circuit Judge.

George Martin petitions this Court to review a final order of removal issued by the Board of Immigration Appeals ("BIA"). For the reasons set forth below, we will deny Martin's petition for review.[1]

I.

Martin was born in Sierra Leone in 1970. He fled the civil war there and entered the United States in 2004 as a refugee. In 2006, he pleaded guilty in Illinois state court to theft by deception and was sentenced to two years of probation. In 2008, he pleaded guilty in federal court to one count of wire fraud in violation of 18 U.S.C. § 1343 and was sentenced to 37 months of imprisonment. He was ordered to pay restitution in the amount of $95,453.35. In February 2013, the Department of Homeland Security ("DHS") served Martin with a Notice to Appear ("NTA"), charging him with removability based on the 2006 and 2008 convictions. The NTA did not provide the date and time of the hearing but instead stated that information was forthcoming. Specifically, he was charged with two grounds of removability, for having been convicted of (1) two crimes involving moral turpitude ("CIMT") not arising out a single scheme of criminal conduct and (2) an aggravated felony that involves fraud or deceit in which the loss to the victim exceeds $10,000.

---

[1] While, for ease of reference, we use the singular "petition," we are reviewing both Martin's petition for review of the BIA's decision dismissing his appeal from the Immigration Judge's ("IJ") final order of removal and his petition for review of the BIA's decision dismissing his appeal from the denial of his motion for reconsideration.

Martin applied for adjustment of status pursuant to 8 U.S.C. § 1159(c), which gives the Attorney General discretion to waive certain grounds of inadmissibility of refugees "for humanitarian purposes, to assure family unity, or when it is otherwise in the public interest." In July 2013, an IJ held two evidentiary hearings at which Martin and his wife testified. His wife, who also is a refugee from Sierra Leone, testified about the difficulties she and her children would face if Martin were to be deported. The IJ exercised his discretion for the purpose of family unity and granted the adjustment of status, rendering Martin a lawful permanent resident.

In December 2015, Martin pleaded guilty in Indiana state court to fraud on a financial institution, forgery, and identity deception. He was sentenced to one year of imprisonment followed by two years of house arrest. In November 2016, DHS served Martin with a second NTA, charging him with removability on three grounds, for having been convicted of (1) two CIMTs not arising out of a single scheme of criminal conduct; (2) an aggravated felony that involves fraud or deceit in which the loss to the victim exceeds $10,000; and (3) a CIMT committed within five years after admission for which a sentence of one year or longer may be imposed. This NTA, like the first, did not provide the date or time of the hearing.

Martin moved to terminate the removal proceedings based on, among other things, res judicata, arguing that neither the 2006 nor 2008 convictions could form the basis for his current removability charge because he had been granted a waiver. The IJ denied the motion and began the removal proceeding in December 2016, which continued into February 2017. At the proceeding, Martin contested whether the 2015 convictions had an

3

intended loss of more than $10,000, but he conceded that the intended loss of the 2008 conviction exceeded $10,000. The IJ held that the 2008 conviction qualified as an aggravated felony but did not decide as to the 2015 conviction. The IJ further held that Martin was statutorily ineligible for discretionary relief due to the 2008 aggravated felony conviction and ordered him removed to Sierra Leone.

Martin appealed to the BIA and asked for a remand to apply for "any and all relief available to him." Appendix ("App.") at 97. The BIA wrote its own opinion dismissing the appeal and denying the request to remand. Citing Matter of Balderas, 20 I&N Dec. 389 (BIA 1991), the BIA agreed that the 2006 and 2008 convictions "remain valid for immigration purposes" and either conviction could be coupled with the 2015 convictions "to form the basis of removability for having committed two crimes involving moral turpitude." App. at 8.

The BIA further held that Martin was statutorily ineligible for cancellation of removal because the 2008 conviction qualified as an aggravated felony under 8 U.S.C. § 1101(a)(43)(M)(i), which provides that "[t]he term 'aggravated felony' means . . . an offense that . . . involves fraud or deceit in which the loss to the victim or victims exceeds $10,000." Remand was also unwarranted, the BIA held, because Martin did not allege any new facts or new evidence. Martin timely filed a petition for review.

II.

We have jurisdiction under 8 U.S.C. § 1252(a)(1) to review a final order of removal, but we are stripped of that jurisdiction when the final order of removal is based on convictions for certain criminal offenses. Id. at § 1252(a)(2)(C). While Martin

4

committed offenses that would otherwise preclude our jurisdiction, he raises questions of law, so we retain jurisdiction under § 1252(a)(2)(D). We "apply de novo review, subject to applicable canons of deference." Taveras v. Att'y Gen., 731 F.3d 281, 285 (3d Cir. 2013). But our review of a purely legal challenge is plenary. Chiao Fang Ku v. Att'y Gen., 912 F.3d 133, 138 (3d Cir. 2019).

### III.

Martin raises four issues in his petition for review. First, that his 2015 convictions are not aggravated felonies. Second, that because his NTA did not list the date and time of the removal hearing, the IJ lacked jurisdiction to determine his removability. Third, that res judicata precludes use of his 2006 and 2008 convictions as a basis for removability under 8 U.S.C. § 1227(a)(2)(A)(ii). And fourth, that the BIA should have remanded to the IJ so he could apply for asylum.

### A.

Martin argues his 2015 convictions for fraud on a financial institution, forgery, and identity deception are not aggravated felonies because the Government failed to carry its burden that the intended loss exceeded $10,000. But the IJ explicitly stated in his oral decision that "[t]he Court did not rule on whether [the 2015 conviction] constitutes an aggravated felony fraud offense" because "the Court need not go there." App. 11. The IJ said it "need not go there" because Martin admitted that his 2008 conviction was an aggravated felony rendering him "statutorily ineligible for discretionary relief." Id. Since this conviction did not bear on the IJ's decision, it is immaterial whether it is or is not an aggravated felony under the INA.

5

B.

Martin also contends that because his NTA did not provide the date and time of his removal proceedings, it failed to confer jurisdiction to the IJ. We recently rejected this precise argument in Nkomo v. Att'y Gen., 930 F.3d 129, 134 (3d Cir. 2019), and under Third Circuit I.O.P 9.1, we are bound by Nkomo.

C.

Martin next argues that res judicata precludes the use of both his 2006 and 2008 convictions as grounds for removability under 8 U.S.C. § 1227(a)(2)(A)(ii), which provides than an immigrant shall be removed if he is convicted of two or more CIMTs not arising from a single scheme.

The BIA addressed a nearly identical issue in Matter of Balderas. There, the respondent was charged with deportability for having been convicted of two CIMTs not arising out of a single scheme of criminal misconduct, but he was granted a discretionary waiver under INA § 212(c), 8 U.S.C. § 1182(c). Balderas, 20 I&N Dec. at 389-90. Thereafter, he was convicted of another CIMT and charged with the same ground of deportability: having two convictions for CIMTS not arising out of a single scheme of criminal misconduct. Id. at 390. The BIA explained that a grant of discretionary relief pursuant to § 212(c) is not "a pardon or expungement of the conviction itself," but rather is merely "a favorable exercise of discretion [based] on the particular facts presented." Id. at 391. Put simply, the conviction is not waived; the excludability or deportability is waived. The BIA held that "a conviction which has once been relied upon in a charge of deportability may be alleged as one of the 'two crimes involving moral turpitude' in a

6

second proceeding, even though the first proceeding was terminated by a grant of relief under section 212(c) of the Act, where the second crime alleged is a subsequent conviction." Id. at 393.

We have approved this reasoning from Balderas and held that "the fact that a petitioner's deportation based on a particular conviction has been waived does not prevent subsequent consideration of the same underlying conviction for other purposes." Duhaney v. Att'y Gen., 621 F.3d 340, 353 (3d Cir. 2010). There, the petitioner was granted discretionary relief under § 212(c) and his deportability was waived, but we held that the "Government was permitted to lodge new charges of removability, even based on convictions that were disclosed in his application" and the § 212(c) waiver "d[id] not extend to the [new] ground for removability." Id. at 354.

Martin contends this precedent is no longer binding because § 212(c) has since been repealed, but this argument fails because we have extended our reasoning to other forms of discretionary relief, such as cancellation of removal under INA § 240A(a), 8 U.S.C. § 1229b(a). See Taveras, 731 F.3d at 288. In Taveras, we held that the prior grant of a § 240A(a) waiver "did not impact the underlying drug conviction" that rendered the petitioner removable; instead the waiver only impacted "the removal arising from that conviction." Id. Therefore, the previous waiver did not affect whether the conviction that gave rise to the first charge of removability could be considered again as part of a new ground for removability. Id.

We agree with the BIA that "either the respondent's 2006 conviction for theft by deception or his 2008 conviction for wire fraud may be coupled with his 2015 fraud or

7

forgery convictions to form the basis for removability for having committed two crimes involving moral turpitude." App. 8.

D.

Lastly, Martin argues the BIA erred by not remanding to the IJ so that he could apply for asylum. Not so. Martin concedes that the 2008 conviction is an aggravated felony, and the "Attorney General may cancel removal" of a permanent resident only if he "has not been convicted of any aggravated felony." 8 U.S.C. § 1229b(a)(3). In Rodriguez-Munoz v. Gonzales, we held that when deportation based on an aggravated felony is discretionarily waived, "that conviction would nonetheless remain an aggravated felony for purposes of precluding his application for cancellation of removal under § 240A(a)." 419 F.3d 245, 248 (3d Cir. 2005). Moreover, a refugee who has already acquired permanent resident status, which Martin has, is not eligible to re-adjust. 8 U.S.C. § 1159(a)(1)(C).

IV.

For the foregoing reasons, we will deny Martin's petition for review.