**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 11 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GERMAN AVALOS-CARDONA,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 21-1406

Agency No.
A091-943-326

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 9, 2023**
San Francisco, California

Before: MURGUIA, Chief Judge, FRIEDLAND and BENNETT, Circuit
Judges.

Petitioner German Avalos-Cardona is a native and citizen of Mexico. He

petitions for review of a Board of Immigration Appeals ("BIA") order

dismissing his appeal of an immigration judge's ("IJ") decision denying his

application for adjustment of status due to inadmissibility, dismissing his waiver

---

\*        This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

application under 8 U.S.C. § 1182(h) as untimely, and denying termination for lack of subject matter jurisdiction. We have jurisdiction pursuant to 8 U.S.C. § 1252. "Where . . . the BIA has reviewed the IJ's decision and incorporated portions of it as its own, we treat the incorporated parts of the IJ's decision as the BIA's." *Garcia v. Wilkinson*, 988 F.3d 1136, 1142 (9th Cir. 2021) (quoting *Molina-Estrada v. I.N.S.*, 293 F.3d 1089, 1093 (9th Cir. 2002)). We **DENY** the petition for review. Because the parties are familiar with the facts and the procedural history of this case, we recount them only as necessary to explain our disposition.

1. The BIA properly held that Avalos-Cardona was ineligible for adjustment of status. We review questions of law de novo. *Shin v. Mukasey*, 547 F.3d 1019, 1023 (9th Cir. 2008). The IJ held that Avalos-Cardona's 2008 conviction under Cal. Penal Code § 273.5, for inflicting injury on his spouse, constituted a crime involving moral turpitude ("CIMT").[1] A noncitizen with one CIMT may still be admissible if he meets the petty offense exception. *See* 8 U.S.C. § 1182(a)(2)(A)(ii). But the BIA correctly determined that Avalos-Cardona's 2008 CIMT conviction did not qualify for the petty offense exception because he also had two 1991 CIMT convictions.[2] *Id.* (limiting the exception to

---

[1] Avalos-Cardona did not challenge the IJ's ruling before the BIA, and does not challenge it now.

[2] The two convictions were for grand theft from a person, in violation of former Cal. Penal Code § 487.2, and possession of marijuana for sale, in

2

noncitizens who have "committed only one crime"); *see also Castillo-Cruz v. Holder*, 581 F.3d 1154, 1161–62 (9th Cir. 2009).

Our decision would not change even if Avalos-Cardona could qualify for a waiver of his two 1991 convictions under the former section 212(c).[3] "[A] grant of section 212(c) relief merely waives the finding of deportability." *Becker v. Gonzales*, 473 F.3d 1000, 1003–04 (9th Cir. 2007) (quoting *Matter of Balderas*, 20 I. & N. Dec. 389, 391 (BIA 1991)). "[T]he crimes alleged . . . do not disappear from the alien's record for immigration purposes." *Id.* (citation omitted). Avalos-Cardona contends that *Matter of Balderas*, 20 I. & N. Dec. 389 (BIA 1991), is inapposite because—unlike the respondent in *Balderas*—he has "no previous removal proceedings and has not previously applied for" section 212(c) relief. But this is irrelevant, because although a successful application for a "waiver of deportation [would] give[] the alien a chance to stay in the United States despite his misdeed, . . . it [would] not expunge the

_____

violation of Cal. Health & Safety Code § 11359. Avalos-Cardona conceded before the IJ that these offenses were CIMTs.

[3] This section was repealed by the passage of the Illegal Immigration and Immigrant Responsibility Act ("IIRIRA") in 1996. 8 U.S.C. § 1182(c). However, a section 212(c) waiver remains available to noncitizens such as Avalos-Cardona who pled guilty to offenses prior to 1996. *I.N.S. v. St. Cyr*, 533 U.S. 289, 326 (2011). The waiver allows a noncitizen with criminal convictions to seek a discretionary waiver of deportation upon a showing that he was a lawful permanent resident, had accrued seven consecutive years of "lawful unrelinquished domicile," and had not been convicted of an aggravated felony for which he had served a term of at least five years. *See Luna v. Holder*, 659 F.3d 753, 755–56 (9th Cir. 2011) (citation omitted).

conviction." *Molina-Amezcua v. I.N.S.*, 6 F.3d 646, 647 (9th Cir. 1993).

2.  The IJ reasonably rejected Avalos-Cardona's application for an 8 U.S.C. § 1182(h) waiver of his 2008 conviction as untimely. "The [IJ] may set and extend time limits for the filing of applications and related documents and responses thereto." 8 C.F.R. § 1003.31(h). "If an application or document is not filed within the time set by the [IJ], the opportunity to file that application or document shall be deemed waived." *Id.* We review an IJ's decision to deem such applications waived for abuse of discretion. *Taggar v. Holder*, 736 F.3d 886, 889 (9th Cir. 2013).

The IJ had set a deadline of April 20, 2017, for all applications for relief. [4] After being granted two further continuances, Avalos-Cardona submitted on September 7, 2017, an application to adjust status, an application for a waiver of inadmissibility under former section 212(c), and an application for cancellation of removal.[5] Then, on March 9, 2019, at the merits hearing, Avalos-Cardona's counsel stated she "would like to file for the [§ 1182(h)] waiver." The IJ did not abuse his discretion in deeming Avalos-Cardona's § 1182(h) application untimely because he attempted to file it one-and-a-half years after the "clear" deadline the IJ had set for "all relief applications."

---

[4] The IJ had already continued the deadline once before extending it to this date.

[5] The IJ asked Avalos-Cardona's counsel "[w]hat else" he had to submit. Avalos-Cardona's counsel responded: "That's it at this time."

Avalos-Cardona contends that he should have been excused from the filing deadline because he reasonably assumed that he would prevail on his section 212(c) waiver application. Avalos-Cardona claims that he based this assumption on DHS's decision not to submit a brief challenging his eligibility for relief prior to the merits hearing. But as the BIA noted, it is Avalos-Cardona's burden to establish his eligibility for relief—not DHS's burden to establish lack thereof. 8 U.S.C. § 1229a(c)(4)(A).

Avalos-Cardona also contends that the IJ *caused* his untimely application by "fail[ing] to inform" him of his potential eligibility for a § 1182(h) waiver, thus depriving him of an "opportunity to develop the issue." But as the BIA noted, this contention is belied by the record. Avalos-Cardona's counsel raised the potential for a § 1182(h) waiver application in 2015 and eventually prepared such an application, but chose not to submit it by the deadline set by the IJ.

3. Avalos-Cardona's argument that the IJ did not have subject matter jurisdiction because his Notice to Appear ("NTA") lacked the time and place of proceedings is foreclosed by *United States v. Bastide-Hernandez*, 39 F.4th 1187 (9th Cir. 2022) (en banc). *See id.* at 1191–92 (holding that an NTA's failure to comply with the requirements under 8 U.S.C. § 1229(a)(1)(G)(i) does not deprive the IJ of jurisdiction).

**PETITION FOR REVIEW DENIED.**