# In the
# United States Court of Appeals
## For the Seventh Circuit

————————

No. 07-2260

HECTOR R. ESQUIVEL,

*Petitioner,*

*v.*

MICHAEL B. MUKASEY, Attorney General
of the United States,

*Respondent.*

————————

Petition for Review of the Decision
of the Board of Immigration Appeals.
No. A14 484 902

————————

ARGUED JULY 8, 2008—DECIDED SEPTEMBER 11, 2008

————————

Before BAUER, COFFEY, and ROVNER, *Circuit Judges*.

COFFEY, *Circuit Judge*.   Hector Esquivel, a Mexican
citizen, was ordered removed after an Immigration
Judge found him inadmissible as a result of having com-
mitted crimes in this country involving moral turpitude.
In ordering Esquivel's removal, the IJ determined that
Esquivel was ineligible for a waiver under former § 212(c)
of the Immigration and Naturalization Act because he

had previously served more than five years' imprisonment for an aggravated felony: attempted murder. Esquivel appealed to the BIA, which dismissed his appeal and also denied his motion to remand or administratively close proceedings. Esquivel now challenges the basis for the IJ's finding that he was ineligible for a § 212(c) waiver. We deny his petition for review.

Esquivel came to the United States in 1966 at the age of six and has resided here since. He was convicted before a jury of attempted murder[1] in Illinois in 1981 and served seven years of a fifteen-year prison sentence. After his release in 1988, he was placed in deportation proceedings. Esquivel applied for a waiver under the now-repealed § 212(c) of the INA, which permitted permanent resident aliens to request relief from deportation under certain circumstances. After that, an IJ granted his application for the waiver of deportation in 1989, and the BIA agreed and affirmed in 1991. Esquivel was able to retain his status as lawful permanent resident.

Esquivel later on two separate occasions pleaded guilty to two separate counts of misdemeanor retail theft, in February 1991 and February 1994. *See* 720 ILCS 5/16A-3. He continued to reside in the United States, but in 2004 he traveled outside the country, and upon return in June 2004, he was apprehended by the Immigration Service and placed in removal proceedings for the

---

[1] Esquivel's brief states that he pleaded guilty to attempted murder, but, as the government points out, the record indicates that he was tried by a jury.

theft offenses referred to above. In September 2004 he was charged with being inadmissible as a returning resident because he had committed two crimes involving moral turpitude, which referred to the theft offenses, not the attempted murder conviction. *See* 8 U.S.C. § 1182(a)(2)(A)(i)(I).

Esquivel next appeared before an IJ, who found that as a result of his two theft offenses he no longer qualified for a waiver of removal and that because he had multiple theft offenses, he was unable to qualify for the petty theft exception. As a result of this ruling Esquivel applied for a second waiver of removal under § 212(c), but the IJ denied the waiver and ordered him removed finding that he had also served five years or more of a prison sentence for an aggravated felony, namely, the attempted murder. In reaching that conclusion, the IJ noted that § 212(c) of the INA was eliminated in 1997 with the passage of the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA), and the IJ also discussed *INS v. St. Cyr*, 533 U.S. 289, 326 (2001), which held that the repeal of § 212(c) could not apply retroactively to aliens whose convictions resulted from guilty pleas entered prior to the IIRIRA's effective date. The IJ concluded that Esquivel was bound by the language of § 212 as drafted in 1990, and that version of the statute specified that an alien who had served five years or more of a prison sentence for an aggravated felony was ineligible for a § 212(c) waiver. *See* 8 U.S.C. § 1101(a)(43)(A)(U), (a)(43)(F). According to the IJ, Esquivel's offense of attempted murder qualified as an aggravated felony, and his seven-year term of imprisonment for that conviction precluded him from receiving this type of waiver.

Esquivel appealed this decision to the BIA and joined with a motion to remand or to administratively close proceedings.[2] Esquivel contended that the IJ erred in relying on his 1981 attempted murder conviction and resulting imprisonment to find him statutorily ineligible for § 212(c) relief. In denying Esquivel's requests for relief, the BIA adopted and affirmed the IJ's decision, concluding that Esquivel was ineligible for a second waiver under former § 212(c) of the INA. According to the BIA, the IJ did not err in considering Esquivel's 1981 conviction for attempted murder when ruling on his current eligibility for § 212(c) relief. The BIA approved the Immigration Judge's decision that Esquivel's attempted murder conviction was an aggravated felony. Finally, the BIA denied Esquivel's motion to remand or terminate proceedings on the ground that the government had not attested to his prima facie eligibility for naturalization.

On appeal Esquivel does not dispute that he is inadmissible based on the theft convictions; instead, he argues only that the IJ erred in finding him ineligible for a waiver of his inadmissibility. Thus, the only issue before us is whether the IJ properly concluded that the attempted murder conviction precluded the § 212(c) relief. If the IJ's finding on that issue is correct, then the theft convictions provide a sufficient basis for Esquivel's removal. *See Klementanovsky v. Gonzales*, 501 F.3d 788, 789 (7th Cir. 2007) (denying

---

[2] Esquivel argued that the BIA should close the removal proceedings or hold them in abeyance pending his application for naturalization.

petition for review of alien who had been convicted of multiple theft offenses, none of which resulted in any prison time but which constituted crimes involving moral turpitude).

Esquivel argues that the IJ should not have taken into account his attempted murder conviction. In effect, he contends that his initial waiver in 1989 amounted to an expungement of his attempted murder conviction from his criminal record for immigration purposes and that therefore the IJ should not have considered it when ruling on his second waiver application. Although he concedes that the 1990 amendment has retroactive application, he argues that his first waiver should bar that amendment's application only to his first conviction. He also claims that the IJ erred by applying the term "aggravated felony" to this offense, since that term was codified after he was convicted of the crime. *See* 8 U.S.C. § 1101(a)(43)(A), (a)(43)(U). We also wish to make clear that since these arguments involve questions of law, we have jurisdiction to review them, *Knutsen v. Gonzales*, 429 F.3d 733, 736 (7th Cir. 2005); 8 U.S.C. § 1252(a)(2)(D), and our review is de novo, *Knutsen*, 429 F.3d at 736; *Hassan v. INS*, 110 F.3d 490, 493 (7th Cir. 1997).

Esquivel's primary argument, that if a conviction's removal effect was waived in 1989 it should remain waived today, is foreclosed by this circuit's case law. Prior to 1996, § 212(c) of the INA, codified at 8 U.S.C. § 1182(c), gave the Attorney General discretion to waive deportation for aliens under certain circumstances. But Congress amended § 212(c) in April 1996 and removed

its availability to aggravated felons, and one year later Congress made its complete repeal effective. *See* Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, § 440(d), 110 Stat. 1214, 1277 (1996); IIRIRA, Pub. L. No. 104-208, § 304(b), 110 Stat. 3009 (1996). Under the Supreme Court's decision in *St. Cyr*, however, § 212(c) waivers remain available to aliens who pleaded guilty to an aggravated felony prior to the effective date of the repeal and who would have been eligible for relief under the law then in effect. *See generally Valere v. Gonzales*, 473 F.3d 757, 759-60 (7th Cir. 2007) (discussing the current status of § 212(c) waivers in great detail). But we have recognized certain qualifications. *Velez-Lotero v. Achim*, 414 F.3d 776, 781 (7th Cir. 2005), held that *St. Cyr* does not disturb the operation of the pre-IIRIRA statute and does not alter the rule that the 1990 version of § 212(c) applies to applications for relief submitted after its effective date. *See In re Lettman*, 22 I. & N. Dec. 365, 370-71 (BIA 1998) (holding that alien placed in removal proceedings after March 1, 1991, who has been convicted of an aggravated felony is subject to removal regardless of date of conviction). In addition, an alien seeking such relief is required to demonstrate "actual reliance." *See United States v. De Horta Garcia*, 519 F.3d 658, 661 (7th Cir. 2008); *Jideonwo v. INS*, 224 F.3d 692, 700 (7th Cir. 2000); *LaGuerre v. Reno*, 164 F.3d 1035, 1041 (7th Cir. 1998); *Reyes-Hernandez v. INS*, 89 F.3d 490, 492-93 (7th Cir. 1996). Thus, the rule is that "relief under § 212(c) is not available to any alien whose removal proceeding began after repeal except to those who affirmatively abandoned rights or admitted guilt in reliance on § 212(c) relief." *De Horta Garcia*, 519

F.3d at 661; *Montenegro v. Ashcroft*, 355 F.3d 1035, 1037 (7th Cir. 2004). And furthermore we require a showing of specific facts demonstrating actual reliance. *Jideonwo*, 224 F.3d at 700; *Reyes-Hernandez*, 89 F.3d at 492. Esquivel not only failed to make a showing of reliance, he also failed to enter a plea of guilty to attempted murder—he was found guilty after a jury trial.

Moreover, Esquivel cannot escape the consequences of having committed an aggravated felony on his admissibility into the country just because that term was defined to include attempted murder after his offense was committed. The statute itself states that the amended definition of aggravated felony "applies regardless of whether the conviction was entered before, on, or after" the date of the amendment's enactment, September 30, 1996. 8 U.S.C. § 1101(a)(43)(U); *see also Zamora-Mallari v. Mukasey*, 514 F.3d 679, 690 (7th Cir. 2008) (upholding denial of § 212(c) waiver where crime of sexual abuse did not constitute aggravated felony at time of guilty plea). Thus, this circuit has held that "Congress clearly manifested an intent to apply the amended definition of 'aggravated felony' retroactively." *Flores-Leon v. INS*, 272 F.3d 433, 439 (7th Cir. 2001). Therefore Esquivel is barred from relief via the retroactive application of § 212(c).

We are not aware of nor has the petitioner has cited us any precedent for Esquivel's argument that a § 212(c) waiver effectively expunges a conviction from an alien's criminal record for immigration purposes or bars subsequent consideration of that conviction. The BIA has established that a § 212(c) waiver does not waive the *basis*

for excludability itself; it merely waives the *finding* of excludability. *See In re Balderas*, 20 I. & N. Dec. 389, 391 (BIA 1991); *see also Peralta-Taveras v. Att'y Gen.*, 488 F.3d 580, 585 (2d Cir. 2007); *Becker v. Gonzales*, 473 F.3d 1000, 1003-04 (9th Cir. 2007); *Amouzadeh v. Winfrey*, 467 F.3d 451, 458-59 (5th Cir. 2006); *Munoz-Yepez v. Gonzales*, 465 F.3d 347, 350 (8th Cir. 2006); *Rodriguez-Munoz v. Gonzales*, 419 F.3d 245, 248 (3d Cir. 2005). And we have recently held that an alien previously granted a § 212(c) waiver from an aggravated felony conviction would not be eligible for cancellation of removal under § 240A(a), 8 U.S.C. § 1229b(a), because he would still remain an alien convicted of an aggravated felony. *Negrete-Rodriguez v. Mukasey*, 518 F.3d 497, 504 (7th Cir. 2008).

Finally, Esquivel challenges the BIA's denial of his motion to remand or administratively close proceedings based on his pending application for naturalization. But as the government correctly notes, the merits of this issue are beyond our jurisdiction. Thus, we retain only limited jurisdiction to review Esquivel's final order of removal. *See* 8 U.S.C. § 1252(a)(2)(C) (providing that no court shall have jurisdiction to review any final order of removal against an alien who is removable for having committed an aggravated felony). Specifically, we may consider only properly raised constitutional claims and questions of law, and Esquivel's claim that the removal proceedings should have been terminated based on his pending application for naturalization does not qualify as such. *See* 8 U.S.C. § 1252(a)(2)(D); *Hernandez-Alvarez v. Gonzales*, 432 F.3d 763, 765 (7th Cir. 2005). Thus, we lack jurisdiction to consider Esquivel's challenges to the

BIA's denial of his motions to remand and administratively close proceedings because they do not involve constitutional claims or questions of law. *See Zamora-Mallari*, 514 F.3d at 696; 8 U.S.C. § 1252(a)(2)(C).

The petition for review is DENIED.