**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Submitted May 21, 2009
Decided August 10, 2009

*Before*

JOEL M. FLAUM, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 08-1613

| | |
|---|---|
| ABDUL GHAFFAR MOHAMMAD HUSSAIN, | Petition for Review of an Order of the Board of Immigration Appeals. |
| *Petitioner*, | |
| *v.* | No. A76-773-859 |
| ERIC H. HOLDER, JR., Attorney General of the United States, | |
| *Respondent*. | |

**O R D E R**

Abdul Hussain, a native of Pakistan, contends that the Board of Immigration Appeals improperly decided his motion to reopen removal proceedings initiated against him after the Department of Homeland Security discovered that he stayed in the United States for more than a year after his temporary visitor's visa expired. Because the decision to reject his motion to reopen was a discretionary one, and Hussain's challenge to it does not involve a constitutional or legal question, we lack jurisdiction over Hussain's appeal, and therefore dismiss it.

## I. BACKGROUND

Hussain, a native and citizen of Pakistan, entered the United States in June 2001, at Chicago, Illinois, as a nonimmigrant visitor with authorization to remain in the United States until December 8, 2001.  On March 4, 2003, the Department of Homeland Security ("DHS") placed Hussain in removal proceedings by filing a Notice to Appear, which charged him with removability for overstaying his visa.

Hussain appeared at four hearings in front of an Immigration Judge ("IJ") held on: March 28, 2003; August 21, 2003; October 23, 2003; and December 1, 2003.  During the October 23, 2003 hearing, Hussain conceded removability but asked for an extension to file an asylum petition, which he did during the November 24, 2003 hearing.  At the December 1, 2003 hearing, Hussain agreed to withdraw his application for asylum in exchange for an extension of his voluntary departure period to 120 days (normally it is 60 days).  The IJ ordered the petition withdrawn and granted Hussain's request to depart in 120 days.

On January 3, 2004, Hussain appealed the IJ's decision claiming that he was effectively barred him from making an asylum claim.  He also filed a motion to reopen the removal proceedings, which the Board of Immigration Appeals ("BIA") denied on June 19, 2006.  At the same time, his appeal was also dismissed.  On July 18, 2006, Hussain filed a motion to reconsider the BIA's June 19, 2006 decisions.  The BIA denied this motion on August 14, 2006, and this court denied the petition for review of that decision on October 24, 2007.  *See Hussain v. Keisler*, 505 F.3d 779 (7th Cir. 2007).

On December 3, 2007, Hussain filed a second motion to reopen his removal proceedings, citing changed country conditions and a change in Seventh Circuit precedent. Hussain contended that Pakistan was in the midst of a civil war and that President Pervez Musharraf had imposed dictatorial rule and had suppressed democratic institutions. Hussain argued that his case needed to be remanded in order for the Immigration Judge to determine whether under these changed conditions he would suffer persecution based on his religion and ethnicity.

On February 14, 2008, the BIA denied Hussain's second motion to reopen.  The BIA concluded that the motion was untimely, exceeded the maximum number of allowable motions to reopen, and did not fall within any exception to those time and number limits. The BIA noted that the evidence submitted by Hussain was previously available and that he offered no reason for failing to include it in his original petition.  The BIA further noted that some of the evidence was unreliable because it was undated.  On the merits of his petition, the BIA rejected Hussain's argument that he would be victimized by the increased crackdowns because he did not articulate why those changes would directly affect him. Finally, the BIA determined that there had not been a relevant change in Seventh Circuit

precedent. Hussain now appeals from the BIA's decision not to reopen his removal proceedings.

## II. ANALYSIS

Hussain seeks review of the BIA's February 14, 2008 decision denying his second motion to reopen his removal proceedings.[1] We cannot decide Hussain's appeal unless we have jurisdiction to do so. We review decisions regarding jurisdiction in immigration cases de novo. *Esquivel v. Mukasey*, 543 F.3d 919, 921 (7th Cir. 2008). Under the Immigration and Nationality Act, as amended by the REAL ID Act of 2005, we have said that we do not have jurisdiction to review any discretionary decision by the Attorney General or Secretary of Homeland Security under subchapter 2 of chapter 12 of title 8, except for requests for asylum under section 1158(a) of the immigration code. 8 U.S.C. § 1252(a)(2)(B)(ii); *Kucana v. Mukasey*, 533 F.3d 534, 536 (7th Cir. 2008), *cert. granted*, 129 S. Ct. 2075 (U.S. Apr. 27, 2009) (No. 08-911).

We held in *Kucana* that we do not have jurisdiction over a motion to reopen in a case such as this. In *Kucana*, we considered whether we had jurisdiction over an appeal pertaining to the BIA's denial of a petitioner's motion to reopen, where the petitioner was previously ordered removed *in absentia* due to the fact that he allegedly slept through a removal hearing. 533 F.3d at 535-36. We rejected Kucana's argument even though his motion to reopen was premised on the argument that he was eligible for asylum. He could not prevail because his motion to reopen did not itself relate to the "granting of relief," INA § 208(a), 8 U.S.C. § 1158(a), but only focused on the BIA's decision not to reopen his removal proceedings. *Kucana*, 533 F.3d at 536. Because "[n]o statute requires the BIA to reopen under any circumstances," we found that the BIA's decision was discretionary and outside our jurisdiction under 8 U.S.C. § 1252(a)(2)(B)(ii). *Id.*

Like the petitioner in *Kucana*, Hussain contends that the BIA should reopen a case in which a request for asylum was involved. And as in *Kucana*, Hussain's actual request to reopen relates to the BIA's decision not to reopen his case, which is distinct from his underlying request for asylum under § 1158(a) of the immigration code. *See Kucana*, 533 F.3d at 536. Under our precedent, we do not have jurisdiction over his petition unless it raises constitutional claims or questions of law with respect to the BIA's denial of his motion to reopen. *See id.* at 538.

---

[1] On the same day that this petition for review was filed, Hussain filed a second motion to reconsider the BIA's June 19, 2006 decision, which the BIA denied. Hussain's current appeal is timely only as to the BIA's February 14, 2008 decision, and not as to its denial of Hussain's second motion for reconsideration. *See* INA § 242(b)(1), 8 U.S.C. § 1252(b)(1); *see also Stone v. I.N.S.*, 514 U.S. 386 (1995).

Hussain does not raise any constitutional questions in this appeal, nor do any of his contentions involve questions of law. Hussain's main argument is that Pakistan's country conditions have changed making it unsafe for him to repatriate there. He asserts that Pakistan is in a state of war, that its government is weak and on the verge of collapse, that democracy is suppressed, that its military and intelligence services utilize torture, and that as a member of the Muhajir ethnic minority he is likely to face persecution by fundamentalists and government agents. He relies upon *I.N.S. v. Rios-Pineda*, 471 U.S. 444 (1985), to contend that these facts were not available at the time of his original hearing and that his hearing should therefore be reopened. However, the question of whether this evidence existed at the time of the initial hearing is one of fact, not of law.[2]

Hussain also suggests that there has been a change in our circuit's precedent which merits reopening his removal proceedings. Relying upon *Youkhana v. Gonzales*, 460 F.3d 927 (7th Cir. 2006), Hussain alleges that this court "now requires an examination of ethnic and religious persecution (and country condition) prior to a rejection of asylum claim for any reason." *Youkhana* did not change our circuit's law regarding motions to reopen deportation proceedings. Instead, it merely applied existing law to the unique factual patterns that existed following the invasion of Iraq in 2003. *See id.* at 934 (remanding in order to determine whether Assyrian Christians were persecuted after the removal of the Ba'ath Party from power). When a court applies the law to novel factual circumstances, a new rule of law is not announced. Hussain's contention that there has been a change in this court's precedent boils down to merely applying settled law to new factual circumstances. His contention does not amount to a "question of law" giving us jurisdiction over this appeal. Because Hussain's petition does not raise any constitutional claims or questions of law, we lack jurisdiction over it and dismiss his appeal.

That said, because the Supreme Court recently granted certiorari in *Kucana*, we think it prudent for us to dispose of Hussain's claim on other grounds. If we had jurisdiction in this case, we would review the Immigration Judge's decision for abuse of discretion. *Selimi v. Ashcroft*, 360 F.3d 736, 739 (7th Cir. 2004). Under an abuse of discretion standard, "a motion to reopen is strongly disfavored," *id.*, because there is a "strong public interest in bringing litigation to a close as promptly as is consistent with the interest in giving the adversaries a fair opportunity to develop and present their respective cases.". *I.N.S. v. Abudu*, 485 U.S. 94, 107 (1988).

If we had jurisdiction, applying the abuse of discretion standard, we would deny Hussain's appeal. An immigration judge must deny the motion if the new evidence was

---

[2] Moreover, reliance upon *Rios-Pineda* is misguided because there we held that notwithstanding evidence of changed circumstances, it was still within the BIA's discretion to refuse to reopen a hearing. 471 U.S. at 449.

available and could have been presented at the prior hearing. 8 C.F.R. § 1003.23(b)(3); *Selimi*, 360 F.3d at 738. In addition, an immigration judge has discretion to deny a motion to reopen even if the moving party has established a prima facie case for relief. 8 C.F.R. § 1003.23(b)(3). The BIA correctly noted that evidence of most of the conditions that Hussain cites existed at the time of his initial application – Pakistan is in a state of war, its government is weak, democracy is suppressed, etc. But Hussain did not articulate *any* reason why the evidence he presented was not available at the time of the prior hearing.

Hussain argues that the BIA should have accepted undated written threats that were allegedly sent to him in Pakistan. He argues that the BIA's determination that the evidence was unreliable because the threats were undated was improper. However, the lack of any information suggesting when these written threats were made undermines their reliability, and it was not an abuse of discretion for the BIA to reject them. *Ezeagwuna v. Ashcroft*, 325 F.3d 396, 409-10 (3d Cir. 2003) (holding that an undated affidavit submitted in support of an application for asylum was unreliable); *see also Gramatikov v. I.N.S.*, 128 F.3d 619, 620 (7th Cir. 1997) (holding that a petitioner's "self-serving and insufficiently grounded testimony about current political conditions" in his home country was insufficient to warrant reversal of the BIA's decision denying his asylum application). In sum, Hussain did not present any novel admissible evidence, and therefore the BIA did not abuse its discretion by refusing to reopen Hussain's removal proceedings on the ground that all the evidence he presented was available to him at the time of his original hearing. *Khan v. Filip*, 554 F.3d 681, 693 (7th Cir. 2009).

Finally, Hussain contends that if he is forced to return to Pakistan, he will be persecuted for ethnic and religious reasons. But Hussain does not suggest any reason why repatriation would negatively affect him personally, especially since he lived in Pakistan in the recent past without being targeted by fundamentalists or government agents. So, the BIA did not abuse its discretion when it denied his motion. *Khan,* 554 F.3d at 693 (holding that the BIA did not abuse its discretion in denying a motion to reopen because the petitioner failed to produce sufficient evidence that he "was likely to suffer politically motivated persecution if returned to Pakistan").

In sum, based on the record before us, if we had jurisdiction over Hussain's petition, we would find that the BIA did not abuse its discretion and affirm its denial of Hussain's motion to reopen.

### III. CONCLUSION

We hereby **DISMISS** this matter for lack of jurisdiction.