**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| ABDUL H. ALOCOZY,<br>*Petitioner-Appellant*,<br><br>v.<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES; ALEJANDRO MAYORKAS, Director, United States Citizenship & Immigration Services; MICHAEL C. BIGGS, Field Director of United States Citizenship & Immigration Services; JANET A. NAPOLITANO, Secretary of the Department of Homeland Security,<br>*Respondents-Appellees*. | No. 11-16557<br><br>D.C. No.<br>2:10-cv-01597-JAM-KJN<br><br><br>OPINION |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Argued and Submitted
December 6, 2012—San Francisco, California

Filed December 28, 2012

Before: Stephen S. Trott and Johnnie B. Rawlinson,
Circuit Judges, and Frederic Block, District Judge.[*]

Opinion by Judge Trott

---

[*] The Honorable Frederic Block, Senior United States District Judge for
the Eastern District of New York, sitting by designation.

## SUMMARY[**]

### Immigration

The panel affirmed the district court's summary judgment in favor of the United States Citizenship and Immigration Services, in Abdul H. Alocozy's action challenging the USCIS' determination finding him ineligible for naturalization due to his felony conviction for assault with intent to commit rape.

The panel held that the government's prior grant of INA § 212(c) relief to Alocozy did not constitute a waiver by the government of 8 U.S.C. § 1101(f)(8)'s permanent bar to naturalization. The panel also held that IIRIRA's addition of "crime of violence" offenses to the list of aggravated felonies that bar naturalization was not an improper retroactive application of the statute.

### COUNSEL

Stephen Shaiken, San Francisco, California, for Petitioner-Appellant.

Audrey B. Hemesath, Department of Justice, Sacramento, California, for Respondents-Appellees.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**OPINION**

TROTT, Circuit Judge:

Abdul H. Alocozy appeals a decision by the district court denying his petition for review of a determination by the United States Citizenship and Immigration Services ("USCIS") that his felony conviction of assault with intent to commit rape renders him ineligible to become naturalized as a United States citizen. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

**I**

The facts and circumstances surrounding this case are largely undisputed. Alocozy, a native and citizen of Afghanistan, came to the United States in 1983. On October 15, 1984, his status was adjusted pursuant to section 209(a) of the Immigration and Naturalization Act ("INA") to "lawful permanent resident." On October 3, 1990, he was charged in Alameda County, California with rape, in violation of California Penal Code section 261. He subsequently pleaded *nolo contendere* on January 9, 1991 to felonious assault with the intent to commit rape, in violation of California Penal Code section 220, as a stipulated related offense to the crime originally charged.

In 1999, the Immigration and Naturalization Service ("INS") initiated removal proceedings against Alocozy on account of his conviction of an aggravated felony as defined in section 101(a)(43) of the INA. On May 27, 2004, an immigration judge ("IJ") granted his application for a discretionary waiver of deportation under former INA section

212(c), and removal proceedings against him were terminated.

Five months later, on October 6, 2004, he applied to the USCIS for naturalization as a United States citizen. On September 28, 2005, the USCIS's District Director denied Alocozy's application on the ground that his conviction on January 9, 1991 of an aggravated felony automatically prevented him from establishing the good moral character required by law to support his application, thus barring him from naturalization.

Alocozy's administrative appeal of the District Director's decision was unsuccessful, and he then filed a petition for de novo review in the district court pursuant to the INA. 8 U.S.C. § 1421(c). On cross-motions for summary judgment, the court granted judgment to the USCIS.

Based upon the litigants' agreement that Alocozy was convicted on January 9, 1991 of an aggravated felony, 8 U.S.C. § 1101(a)(43), the district court held as follows:

1) In 1996, Congress added "a crime of violence" to the list of aggravated felonies in 8 U.S.C. § 1101(a)(43) as part of the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA").

2) In section 321(b) of IIRIRA, Congress intended this addition to apply retroactively to the aggravated felony bar to naturalization established by the Immigration Act of 1990 ("IMMACT 90").[1]

---

[1] *See also* 8 C.F.R. § 316.10(b)(1).

3) Because IMMACT 90 is not retroactive, the good moral character bar "applies only to aggravated felonies [such as Alocozy's] entered on or after November 29, 1990," the effective date of IMMACT 90.

4) Because Alocozy's aggravated felony conviction postdates November 29, 1990, it "permanently bar[s] him from establishing good moral character for naturalization."

## II

Alocozy does not dispute the first three of these conclusions. However, he asserts nevertheless that the grant to him of former INA section 212(c) relief from deportation (now removal) constituted a waiver by the Government of 8 U.S.C. § 1101(f)(8)'s permanent bar to naturalization. He bolsters this contention with the argument that because the crime of which he was convicted was not an "aggravated felony" in 1991 at the time of his plea, *INS v. St. Cyr*, 533 U.S. 289 (2001) precludes the application to him "of an adverse immigration consequence not foreseeable" at the time he entered his plea. Thus, he contends, even though "the definition of aggravated felony is applied retroactively, the creation of a new immigration consequence is barred by *St. Cyr*."

Relying in part on the Second Circuit's opinion in *Chan v. Gantner*, 464 F.3d 289, 294 (2d Cir. 2006) (per curiam), the district court dismissed these arguments, noting that section 212(c)'s shield in the context of deportation/removal does not permit him to use it "as a sword in the naturalization context to bar the Government's reliance on his aggravated felony conviction in denying him the wholly separate immigration benefit of naturalization." The district court also

held that Alocozy "could not have had a settled expectation at the time of his conviction that a potential discretionary grant of 212(c) relief would also render him eligible to naturalize, and thus *INS v. St. Cyr*[] does not require that the former Section 212(c)[] waiver be honored in the naturalization context." (internal citation omitted).

## III

Alocozy's waiver argument is easily answered. "Waiver" is the intentional relinquishment of a known right. *United States v. Olano*, 507 U.S. 725, 733 (1993). There is nothing in this record even remotely suggesting that when a removable alien is granted discretionary relief in the form of a waiver of deportation, the Government waives any objection based on the ground for which he was removable to his naturalization as a citizen. "Indeed, a finding of 'good moral character,' was not a statutory prerequisite or necessarily a consideration for relief under section 212(c)." *Chan*, 464 F.3d at 295. Legally, Alocozy offers no precedent or principle supporting his claim of waiver, nor do we see how there could be any. In this respect, we agree with the Second Circuit: "[N]o authority supports the proposition that the government is foreclosed by a waiver of deportation from considering a conviction when determining the unrelated question of fitness for naturalization." *Id.* at 294. Moreover, we have held, as recognized by *Chan*, "that a waiver under section 212(c) does not preclude the INS or the courts from relying on the underlying offense to bar other forms of immigration relief or benefits." *Id.* at 295; *Molina-Amezcua v. INS*, 6 F.3d 646, 647 (9th Cir. 1993) (per curiam) (a conviction for a crime of moral turpitude can be used as a ground for deportation even though the INS had previously waived its right to deport based in part on that conviction).

**IV**

*St. Cyr* also is unhelpful to Alocozy.  The issue there was whether in 1997 section 304(b) of IIRIRA, which repealed section 212(c), retroactively extinguished an alien's eligibility for discretionary section 212(c) relief when at the time of his previous conviction before that date he would have been eligible for such consideration.  533 U.S. at 292–93.

In tackling this question, the Court first indicated that "it is beyond dispute that, within constitutional limits, Congress has the power to enact laws with retrospective effect."  *Id.* at 316.  The Court qualified this statement, saying, "A statute may not be applied retroactively, however, absent a clear indication from Congress that it intended such a result."  *Id.* The Court noted that the "standard for finding such unambiguous direction is a demanding one," and that it can only be satisfied by statutory language "'so clear that it could sustain only one interpretation.'"  *Id.* at 316–17 (quoting *Lindh v. Murphy*, 521 U.S. 320, 328 n.4 (1997)).  The Court then used this demanding test to determine that Congress did "not communicate with unmistakable clarity" an intention retroactively to repeal § 212(c).  *Id.* at 318.

Most notably for our case, the Court in *St. Cyr* chose for comparative and illustrative purposes to highlight other sections of IIRIRA, sections 321(b) and (c), where Congress did adequately and unmistakably express its intent retroactively to apply the provisions of those sections.

> Another reason for declining to accept the INS' invitation to read § 309(c)(1) as dictating the temporal reach of IIRIRA § 304(b) is provided by Congress' willingness, in other

sections of IIRIRA, to indicate unambiguously its intention to apply specific provisions retroactively. IIRIRA's amendment of the definition of "aggravated felony," for example, clearly states that it applies with respect to "convictions entered before, on, or after" the statute's enactment date. § 321(b). As the Court of Appeals noted, the fact that Congress made some provisions of IIRIRA expressly applicable to prior convictions, but did not do so in regard to § 304(b), is an indication that Congress did not definitively decide the issue of § 304's retroactive application to pre-enactment convictions. The "saving provision" is therefore no more significant than the specification of an effective date.

*Id.* at 318–20 (internal quotation marks, citation, alterations, and footnote omitted). The Court's analysis forecloses any argument that section 321(b) is not retroactive.

Moreover, the Court in *St. Cyr* relied in large measure on what it considered to be an alien in St. Cyr's situation's "settled expectations," i.e., that a plea of guilty to a felony would not make him ineligible for section 212(c) relief from deportation. *Id.* at 321, 323. Even if we were to conclude that section 321(b) is not retroactive, which we do not, we are convinced that a person in Alocozy's situation could not have had any "settled" or even reasonable belief or expectation that a plea to a serious felony would not impair any future attempt to pursue naturalization as a United States citizen. Whereas the Court found considerable authoritative support in *St. Cyr* for the reasonableness of St. Cyr's expectations, *id.* at 322

(citing *inter alia Magana-Pizano v. INS*, 200 F.3d 603, 612 (9th Cir. 1999)), Alocozy offers nothing similar.

The requirements of becoming a naturalized citizen and the grounds for avoiding deportation as a felon are as different as chalk is from cheese. To quote the Supreme Court,

> When the Government seeks to strip a person of citizenship already acquired, or deport a resident alien and send him from our shores, it carries the heavy burden of proving its case by clear, unequivocal, and convincing evidence. But when an alien seeks to obtain the privileges and benefits of citizenship, the shoe is on the other foot. He is the moving party, affirmatively asking the Government to endow him with all the advantages of citizenship. Because that status, once granted, cannot lightly be taken away, the Government has a strong and legitimate interest in ensuring that only qualified persons are granted citizenship.

*Berenyi v. Dist. Dir., INS*, 385 U.S. 630, 636–37 (1967) (internal quotation marks and footnotes omitted). Any doubts regarding an alien's eligibility for citizenship are "resolved in favor of the United States and against the claimant." *Id.* at 637 (internal quotation marks omitted).

Also, unlike the grounds for section 212(c) relief from deportation, 8 U.S.C. § 1427(a)'s statutory provisions *do* include a requirement of demonstration by the applicant that he "has been and still is a person of good moral character."

8 U.S.C. § 1427(a)(3). No one convicted by a plea of guilty to a felony involving assault with the intent to commit rape and thereby becoming a registered sex offender in his state of residence could reasonably believe that his moral character would not be seriously impaired.

## CONCLUSION

The district court's grant of summary judgment to the USCIS as a matter of law was justified. Contrary to Alocozy's claims, he has not been deprived of due process of law or been the victim of the improper retroactive application of a statute. Although he is barred from naturalization as a citizen, his status as a legal permanent resident remains in full force.

**AFFIRMED.**