<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 13-1299**

———————————

DAVID SESAY,

            Petitioner,

      v.

ERIC H. HOLDER, JR., Attorney General,

            Respondent.

———————————

On Petition for Review of an Order of the Board of Immigration
Appeals.

———————————

Submitted:  August 20, 2013       Decided:  September 5, 2013

———————————

Before KING and DAVIS, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————————

Petition dismissed by unpublished per curiam opinion.

———————————

Randall L. Johnson, JOHNSON & ASSOCIATES, P.C., Arlington,
Virginia, for Petitioner.  Stuart F. Delery, Acting Assistant
Attorney General, William C. Peachey, Assistant Director,
Jonathan Robbins, Office of Immigration Litigation, UNITED
STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Sesay, a native and citizen of Sierra Leone, petitions for review of the Board of Immigration Appeals' ("Board") order denying his motion for remand and dismissing his appeal of the immigration judge's ("IJ") order denying Sesay's application for protection under the Convention Against Torture ("CAT"). The Attorney General argues that we lack jurisdiction to review the claims advanced by Sesay because he has been convicted of an aggravated felony and does not assert any reviewable constitutional claim or question of law.

Under 8 U.S.C. § 1252(a)(2)(C) (2006), this court generally lacks jurisdiction to review the final order of removal of an alien convicted of certain enumerated crimes, including an aggravated felony. We retain jurisdiction "to review factual determinations that trigger the jurisdiction-stripping provision [in § 1252(a)(2)(C)], such as whether [Sesay] [i]s an alien and whether []he has been convicted of an aggravated felony." Ramtulla v. Ashcroft, 301 F.3d 202, 203 (4th Cir. 2002). But once these two determinations are confirmed, we may review only "constitutional claims or questions of law" raised in an appropriate petition for review. 8 U.S.C. § 1252(a)(2)(D) (2006); see Turkson v. Holder, 667 F.3d 523, 527 (4th Cir. 2012).

2

Sesay concedes that he is an alien and that he has been convicted of an aggravated felony. Having reviewed the record, we conclude that we lack jurisdiction to review Sesay's petition because he has failed to assert a question of law or a constitutional claim that falls within the § 1252(a)(2)(D) exception.

As we have explained, the jurisdiction-stripping provisions of § 1252(a)(2)(C) bar us from reviewing, in cases where an alien has been convicted of an aggravated felony, any of the Board's factual determinations. Saintha v. Mukasey, 516 F.3d 243, 248 (4th Cir. 2008). A factual determination is any determination that we would review under the "substantial evidence" standard. Id. at 249. And because the Board's conclusion that Sesay would not likely face torture upon his return to Sierra Leone is a decision that we would review only to determine if it was supported by substantial evidence, the Board's "CAT determination here is properly characterized as factual, not legal, in nature." Id. at 250. We therefore lack authority to review it.

Section 1252(a)(2)(C)'s prohibition against reviewing final orders of removal when the alien is removable for having been convicted of an aggravated felony extends to denials of motions to reopen and motions to remand. See Bracamontes v. Holder, 675 F.3d 380, 389-90 (4th Cir. 2012); Esquivel v.

3

Mukasey, 543 F.3d 919, 923 (7th Cir. 2008); see also Larngar v. Holder, 562 F.3d 71, 75 (1st Cir. 2009); Hanan v. Mukasey, 519 F.3d 760, 763 (8th Cir. 2008); Cruz v. Attorney Gen., 452 F.3d 240, 246 (3d Cir. 2006); Obioha v. Gonzales, 431 F.3d 400, 406-08 (4th Cir. 2005); Durant v. INS, 393 F.3d 113, 115-16 (2d Cir. 2004). Because Sesay's assertions touching the Board's denial of his motion to remand do not raise a constitutional claim or legal question, we have no authority to review them, either.

Accordingly, we dismiss the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DISMISSED

4