**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-1252**

RALORD ALLAH LAO TUNG,

Plaintiff - Appellant,

v.

JEH CHARLES JOHNSON, Secretary of Homeland Security; SARAH
TAYLOR, District Director and Field Office Director, USCIS
Washington District Office; KIMBERLY ZANOTTI, District
Director and Field Office Director, USCIS Washington
District Office; LEON RODRIGUEZ, Director U.S. Citizenship
and Immigration Services; LORI SCIALABBA, Acting Deputy
Director U.S. Citizenship and Immigration Services; LORETTA
LYNCH, Attorney General U.S. Department of Justice,

Defendants - Appellees.

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria. Leonie M. Brinkema,
District Judge. (1:15-cv-01216-LMB-IDD)

Submitted: November 29, 2016          Decided: December 13, 2016

Before GREGORY, Chief Judge, and WILKINSON and FLOYD, Circuit
Judges.

Affirmed by unpublished per curiam opinion.

Arnedo S. Valera, LAW OFFICES OF VALERA & ASSOCIATES, Fairfax,
Virginia, for Appellant. Dana J. Boente, United States

Attorney, Antonia Konkoly, Assistant United States Attorney, Alexandria, Virginia, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ralord Allah Lao Tung appeals from the district court's order granting summary judgment to Defendants and denying his motion for summary judgment on his petition seeking review of the denial by the United States Citizenship and Immigration Services (USCIS) of his application for naturalization. We affirm.

We review a decision denying a naturalization application de novo and similarly review de novo a district court's award of summary judgment. Injeti v. USCIS, 737 F.3d 311, 315 (4th Cir. 2013). The district court's denial of Tung's summary judgment motion also is subject to review in this appeal, Bauer v. Lynch, 812 F.3d 340, 351 (4th Cir.), cert. denied, ___ S. Ct. ___, No. 15-1489, 2016 WL 3219060 (U.S. Oct. 31, 2016), and, like the award of summary judgment to Defendants, is reviewed de novo. See Henson v. Liggett Grp., Inc., 61 F.3d 270, 274 (4th Cir. 1995). We conclude after review of the record and the parties' briefs that the district court did not reversibly err in granting summary judgment to Defendants, denying Tung's motion for summary judgment, and affirming the USCIS' denial of Tung's application for naturalization.

The district court determined that Tung's 1995 Virginia state conviction for robbery qualified as an aggravated felony under the Immigration and Nationality Act (INA) in that it was

3

both a crime of violence and a theft offense, see 8 U.S.C. § 1101(a)(43)(F)-(G) (2012), that the conviction served as an absolute bar to establishing the prerequisite of good moral character required for naturalization, and that the waiver of removability Tung received under former § 212(c) of the INA had no bearing on the status of his robbery conviction as an aggravated felony and thus no bearing on whether he could establish good moral character. Tung v. Johnson, 159 F. Supp. 3d 677, 681-88 (E.D. Va. 2016).

On appeal, Tung argues that the district court erred in concluding that his robbery conviction was an aggravated felony under the INA because it does not qualify as a crime of violence. Tung, however, does not challenge the district court's conclusion that his robbery conviction qualifies as an aggravated felony under the INA because it also is a theft offense. By failing to challenge this additional determination, Tung has waived review of it. See Snyder v. Phelps, 580 F.3d 206, 216-17 (4th Cir. 2009). Tung thus fails to establish reversible error in the conclusion that his robbery conviction qualifies as an aggravated felony under the INA because it is a theft offense, and there is no need for this court to determine whether the conviction additionally qualifies as an aggravated felony under the INA because it is a crime of violence.

4

Next, Tung argues that, even if his robbery conviction qualifies as an aggravated felony, the district court erred in determining that the conviction categorically barred him from establishing good moral character because the conviction occurred more than five years prior to the date on which he filed his naturalization application. See 8 U.S.C. § 1427(a) (2012). We reject Tung's argument in this regard as a meritless effort that would render null applicable amendments to the INA imposed by the Immigration Act of 1990, the Immigration and Nationality Technical Corrections Act of 1994, and the Illegal Immigration Reform and Immigrant Responsibility Act of 1996. See Stone v. INS, 514 U.S. 386, 397 (1995) ("When Congress acts to amend a statute, we presume it intends its amendment to have real and substantial effect."); Chan v. Gantner, 464 F.3d 289, 293-94 (2d Cir. 2006) (rejecting applicant's arguments that only the five-year period referenced in 8 U.S.C. § 1427(a) applied to aggravated felony conviction and confirming that "an applicant convicted of an aggravated felony is precluded under 8 U.S.C. § 1101(f)(8) [(2012)] from establishing good moral character"). We also reject as without merit Tung's argument that 8 C.F.R. § 316.10(b)(1)(ii) (2016) — which provides that any conviction for an aggravated felony that occurred on or after November 29, 1990, is a permanent bar to naturalization — is an improper construction of the INA. Further, because the legal support for

Tung's argument that the requirement of good moral character is "forward-looking" and functions not to punish the applicant's past misconduct but to assess who the applicant will be as a citizen in the future comes from non-relevant authority, we reject this argument.

Finally, Tung challenges the district court's determination that the waiver he received under former § 212(c) of the INA had no bearing on the status of his robbery conviction as an aggravated felony and thus no bearing on whether he could establish good moral character. We reject this challenge as meritless as well. See 8 U.S.C. § 1429 (2012); Esquivel v. Mukasey, 543 F.3d 919, 922 (7th Cir. 2008) (noting that a § 212(c) waiver merely waives the finding of excludability, not the basis for excludability); Amouzadeh v. Winfrey, 467 F.3d 451, 458 (5th Cir. 2006) ("A waiver under section 212(c) does not remove an aggravated felony conviction from an alien's record."); Chan, 464 F.3d at 295 (noting that a § 212(c) waiver does not pardon or expunge a prior conviction); Rodriguez-Munoz v. Gonzales, 419 F.3d 245, 248 (3d Cir. 2005) (noting that the "grant of [] section 212(c) relief merely waives the finding of deportability rather than the basis of the deportability itself" and that "the crimes alleged to be grounds for deportability do not disappear from the alien's record for immigration purposes" (internal quotation marks and alteration

6

omitted)); see also Alocozy v. USCIS, 704 F.3d 795, 798 (9th Cir. 2012) (reiterating that a finding of good moral character is "not a statutory prerequisite or necessarily a consideration for relief under section 212(c)" (internal quotation marks omitted)).

Tung fails to establish reversible error by the district court, and we therefore affirm its judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

7