*Lozano v. Sessions*

BIA
Sagerman, IJ
A013 877 563

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of December, two thousand seventeen.

PRESENT:
>        DENNIS JACOBS,
>        REENA RAGGI,
>        CHRISTOPHER F. DRONEY,
>             *Circuit Judges.*

_____

JAIME DANIEL LOZANO, AKA JAMES
KOTCH, AKA JAMES LOZANO, AKA JAMIE
LAZANO,
>        *Petitioner,*

>        v.                                          17-422

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
>        *Respondent.*

_____

**FOR PETITIONER:**          Jaime Daniel Lozano, pro se, Cape Vincent, NY.

**FOR RESPONDENT:**          Chad A. Readler, Acting Assistant Attorney General; Linda S. Wernery,

Assistant Director; Lindsay B.
Glauner, Senior Litigation Counsel,
Office of Immigration Litigation,
United States Department of Justice,
Washington, DC.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED.**

Petitioner Jaime Daniel Lozano, a native and citizen of Colombia, seeks review of a January 11, 2017, decision of the BIA affirming an August 22, 2016, decision of an Immigration Judge ("IJ") ordering Lozano removed to Colombia. *In re Jaime Daniel Lozano,* No. A 013 877 563 (B.I.A. Jan. 11, 2017), *aff'g* No. A 013 877 563 (Immig. Ct. Napanoch Aug. 22, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We deny the petition on the ground that an alien is removable if he has been "convicted of two or more crimes involving moral turpitude" ("CIMT"). 8 U.S.C. § 1227(a)(2)(A)(ii). Lozano has been convicted of three such crimes: (1) third-degree robbery under New York Penal Law ("NYPL") § 160.05 in 1978; (2) attempted third-degree robbery under NYPL §§ 110, 160.05 in 2008; and (3) promoting the sexual performance of a child under NYPL § 263.15 in 2015. He does not dispute that all three of these crimes are CIMTs.

Lozano argues that, as a matter of *res judicata*, neither of his robbery convictions may be used to charge him as removable for two CIMTs because, in a prior removal proceeding in 2011, he was charged as removable on the ground that those convictions were CIMTs, but was then granted cancellation of removal under 8 U.S.C. § 1229b(a).

2

The BIA has specifically rejected that argument: "[W]e hold that a conviction which has once been relied upon in a charge of deportability may be alleged as one of the two 'crimes involving moral turpitude' in a second proceeding, even though the first proceeding was terminated by a grant of relief . . . where [as here] the second crime alleged is a subsequent conviction or a conviction that was not disclosed in the prior proceeding." *Matter of Balderas*, 20 I. & N. Dec. 389, 393 (B.I.A. 1991). And we approved, in *Chan v. Gantner*, 464 F.3d 289 (2d Cir. 2006), expressly deeming "the reasoning of the BIA [in *Balderas*] . . . persuasive," *id.* at 295, and concluding that an alien's prior grant of relief from removal "does not remove his conviction from consideration in subsequent immigration proceedings," *id.* at 290. The rule is settled in other circuits as well. *See, e.g.*, *Esquivel v. Mukasey*, 543 F.3d 919, 922 (7th Cir. 2008); *Molina-Amezcua v. INS*, 6 F.3d 646, 647-48 (9th Cir. 1993); *Molenda v. INS*, 998 F.2d 291, 294 (5th Cir. 1993). Accordingly, the agency did not err in concluding that Lozano was removable under 8 U.S.C. § 1227(a)(2)(A)(ii) based on two CIMTs.

Because Lozano was removable on that basis, we do not reach his challenge to the agency's alternative basis for deeming him removable--that his conviction for promoting sexual performance of a child under NYPL § 263.15 is an aggravated felony or crime of child abuse. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the stay of removal that the Court previously granted in this petition is VACATED, and the Government's pending motion to remand is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court